EASTERN AIR LINES, INC., and National Airlines, Inc., Petitioners,

v.

CIVIL AERONAUTICS BOARD, Respondent.

No. 19447.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 29, 1965.

Decided Nov. 29, 1965.

Messrs. John H. Wanner, Gen. Counsel, Civil Aeronautics Board, Joseph B. Goldman, Deputy Gen. Counsel, and O. D. Ozment, Associate Gen. Counsel, were on the pleadings for respondent. Mr. Robert L. Toomey, Atty., Civil Aeronautics Board, also entered an appearance for respondent.

Messrs. E. Smythe Gambrell, Harold L. Russell, Atlanta, Ga., John W. Cross and Andrew T. A. Macdonald, Washington, D. C., were on the pleadings for petitioners.

Before WASHINGTON*, WRIGHT and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

In 1956, the Civil Aeronautics Board (CAB) certified Northeast Airlines, for a temporary period of five years, to operate as a third carrier over the East Coast-Florida route in competition with two permanently-certified carriers, Eastern and National.

In April 1961, Northeast applied to the CAB for renewal of its temporary certificate for the route. Lengthy hearings culminated in a 3–2 CAB decision in August 1963, denying Northeast's application on the basis either that there was no need for a third carrier, contrary to its finding in 1956, or that Northeast was not fit to be that carrier.[1]

On Northeast's petition for review, the Court of Appeals for the First Circuit reversed and remanded the case to the CAB, on the ground that it "ought not to have to speculate as to the basis" for the agency's denial of Northeast's application, or as to its finding in support thereof. Northeast Airlines, Inc. v. CAB (I), 331 F.2d 579, 586 (1st Cir. 1964).

---

* Circuit Judge Washington became Senior Circuit Judge on November 10, 1965.

1. New York-Florida Renewal Case, CAB Dkt. No. 12285, et al., Order E–19910 (Aug. 15, 1963), reaffirmed on reconsideration, Order E–22073 (Oct. 8, 1963) [hereafter cited by order and date only].

Upon remand, the CAB reaffirmed its previous conclusions, making reference to official reports containing evidentiary data filed by carriers after the closing of the old record. Order E–21550 (December 1, 1964).[2] Northeast petitioned for rehearing, asserting it had been denied an opportunity to rebut or explain the data in the reports noticed by the CAB. The CAB adhered to its previous decision. Order E–21872 (March 5, 1965).

Northeast again petitioned the First Circuit for review, and also moved for an order directing the CAB to receive its offered evidence in rebuttal of reports allegedly noticed. Explicitly noting that it was not reviewing on the merits, and again retaining jurisdiction, the First Circuit granted Northeast's motion and remanded to the CAB, stating that "[h]aving opened the door to new data, the Board was obliged to take a full look." Northeast Airlines, Inc. v. CAB (II), 345 F.2d 484 (1st Cir. April 13, 1965).

In response to this second remand, the CAB issued the order (E–22084) challenged here. It decided to reopen the proceeding completely, stating that since hearings on the matters raised by Northeast would be extensive anyway, "it is in the public interest to utilize the reopened proceeding for a complete review of the issues," including a consideration of whether a third carrier was needed, and if so, consideration of "all qualified applicants who may wish to apply for the route." Since the First Circuit had previously retained its jurisdiction without setting aside the orders involved, the CAB itself rescinded its four orders in the *New York-Florida Renewal Case,* "subject to any necessary permission

from the court." Order E–22084 (April 26, 1965).

Upon the CAB's application[3] to the First Circuit, that court decided that although the CAB order went beyond the court's second remand to that agency—

Nonetheless, we do not consider the Board's order inappropriate, and if necessary for us to assent thereto, we do so. Furthermore, we think its action fully within the Board's discretion and not subject to review.

\* \* \* \* \* \*

An order will be entered, to take effect ten days after the date of this opinion, approving the order of the Board of April 26, 1965, remanding the cause to the Board, and relinquishing our jurisdiction.

345 F.2d 488, 490 (May 11, 1965). At the same time, the court realizing that Eastern and National were no longer aligned[4] with the CAB after its order of April 26 (E–22084), permitted them to intervene so that they could seek review in the Supreme Court. Northeast Airlines, Inc. v. CAB (III), 345 F.2d 488. National and Eastern sought a stay from the First Circuit of the decision of May 11, in order to perfect their petition for certiorari. Their request was granted; however, the court made it quite clear it granted a stay so that the two intervenors could seek review of the May 11 decision as well as that of April 13. Indeed, the court stated it would be "quite inappropriate" and a "piecemeal attack" to seek review of the one without the other. Northeast Airlines, Inc. v. CAB (III, IV), 345 F.2d 488, 490 (1st Cir. May 19, 1965).

Eastern and National filed a petition for certiorari on that same day, May 19, 1965, seeking review only of the First

2. At this time, Eastern and National sought to enjoin Northeast's operations on the route. The action was dismissed. National Airlines, Inc. & Eastern Air Lines, Inc. v. Northeast Airlines, Inc., Case No. 63–693–Civil (S.D.Fla. Jan. 10, 1964) (unreported).

3. Pursuant to the procedure indicated in Anchor Line Ltd. v. Federal Maritime

Comm'n, 112 U.S.App.D.C. 40, 299 F.2d 124, cert. denied, 370 U.S. 922, 82 S.Ct. 1563, 8 L.Ed.2d 503 (1962), which the First Circuit cited.

4. Up to the order of April 26, 1965, Eastern and National were in support of the CAB, which had denied Northeast's application.

Circuit's April 13 decision [Northeast Airlines, Inc. v. CAB (II), *supra*], which set aside the CAB's second order denying Northeast's application. A few weeks later the two carriers filed a supplement to their petition for certiorari to request review of the later First Circuit decisions of May 11 and May 19 [Northeast Airlines, Inc. v. CAB (III), (III, IV), *supra*]. On October 11, 1965, the Supreme Court denied certiorari, Eastern Airlines v. Northeast Airlines, 86 S.Ct. 41.

Meanwhile, on June 24, 1965, Eastern and National petitioned this court for review of Order E–22084 (April 26, 1965).

The case is before us on the Board's motion to dismiss the appeal, or in the alternative to transfer the petition for review to the Court of Appeals for the First Circuit. We grant the motion by entering an order for transfer of the petition for review to the First Circuit.

■ The provisions for judicial review in the Federal Aviation Act, 49 U.S.C. § 1486, which are typical of judicial review provisions in other regulatory statutes, operate to invest all intermediate federal courts with the power to review orders of the CAB. Only particular circuits are specified as appropriate for venue, or situs of review, but improper venue may be waived unless an objection is seasonably asserted. Panhandle Eastern Pipe Line Co. v. FPC, 324 U.S. 635, 638, 65 S.Ct. 821, 89 L.Ed. 1241 (1945).

■ Without regard to the authority provided by 28 U.S.C. § 2112, a court of appeals having venue may exercise an inherent discretionary power to transfer the proceeding to another circuit in the interest of justice and sound judicial administration, Pacific Gas & Electric Co. v. FPC, 106 U.S.App.D.C. 281, 282, 272 F.2d 510, 511 (1958); Panhandle Eastern Pipe Line Co. v. FPC, 337 F.2d 249, 252 (10th Cir. 1964); Panhandle Eastern Pipe Line Co. v. FPC, 343 F.2d 905, 909 (8th Cir. 1965); but see Gulf Oil Corp. v. FPC, 330 F.2d 824 (5th Cir. 1964).

■ Certainly one factor that has considerable weight in the guidance of judicial discretion is the desirability of transfer to a circuit whose judges are familiar with the background of the controversy through review of the same or related proceedings. Pacific Gas & Electric Co. v. FPC, *supra*.

■ The court's inherent authority, when not expanded by statutory authority, permits transfer over objection only to a transferee court "having jurisdiction and venue." Panhandle Eastern Pipe Line Co. v. FPC, *supra*, 343 F.2d at 909. Here the First Circuit does not have statutory venue, since neither of the petitioners has its domicile or principal place of business there. Venue can not be supplied by consent, because petitioners object to the transfer.

■ However, we think that 28 U.S.C. § 2112(a) is available as authority for the transfer. The literal terms of the statute have been met in that "proceedings have been instituted in two or more courts of appeals with respect to the same order." [5] Undoubtedly the spe-

---

5. 28 U.S.C. § 2112, *Record on Review and Enforcement of Agency Orders.*

(a) The several courts of appeals shall have power to adopt, with the approval of the Judicial Conference of the United States, rules, which so far as practicable shall be uniform in all such courts prescribing the time and manner of filing and the contents of the record in all proceedings instituted in the courts of appeals to enjoin, set aside, suspend, modify, or otherwise review or enforce orders of administrative agencies, boards, commissions, and officers, to the extent that the applicable statute does not specifically prescribe such time or manner of filing or contents of the record. * * * If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.

cific situation here was not within the specific contemplation of Congress, which was particularly concerned with preventing the agency from selecting the forum by filing the record in the court of its selection.[6] But it is no bar to interpreting a statute as applicable that "the question which is raised on the statute never occurred to the legislature." [7]

The breadth of language and vision of § 2112 goes beyond the precipitating evil, as is made clear by the final clause permitting transfer for reasons of sound judicial administration, notwithstanding objections, to a court which would not have had venue in the first instance.

In the case at bar, application of the statute in accordance with its literal terms would be consonant with the general Congressional purpose of avoiding forum conflicts and forum shopping. The first in time concept was the starting point used by Congress; but further transfers are permitted for reasons of judicial administration.

In short, the statute should be liberally applied to permit review by a single court of closely related matters where appropriate for sound judicial administration.

An agency petition to enforce its order, such as may be filed by the NLRB, would obviously qualify as a "proceeding" instituted in the court of appeals within 28 U.S.C. § 2112.[8] We see no reason why the CAB's petition filed with the First Circuit to put into effect its order of April 26, 1965 (Order E–22084),

was not similarly a "proceeding." It was not a synthetic or subterfuge application contrived for forum purposes. The CAB was required to obtain acquiescence if not approval of the court. The companies that are now petitioners before us, acting in their capacity as applicants to intervene before the First Circuit, opposed the CAB's proposal. The court had before it the entire record leading up to the order of April 26, 1965—that is, the record previously filed with the court, plus the court's remand and the order of April 26.

The propriety of our transfer under the statute would appear in sharper relief if petitioners had filed their petitions for review with our court the day after the Board filed its application in the First Circuit. The statutory authority has not been lost, we think, by the facts that (1) the First Circuit noted its acquiescence in and approval of the order of April 26, 1965; (2) the court simultaneously remanded the case to the CAB, and relinquished further jurisdiction on the assumption that the CAB would be proceeding in accordance with that order; and (3) the petitioners before us sought certiorari.

Our action herein does not mean that transfer to the First Circuit would have been required if there had been an evidentiary hearing following the remand and order entered thereon. Pacific Gas & Electric Co. v. FPC, 106 U.S.App.D.C. 281, 282, 272 F.2d 510, 511 (1958).

The motion to transfer is granted.

6. S.Rep. No. 2129, 85th Cong.2d Sess. (1955), H.R.Rep. No. 842, 85th Cong. 1st Sess. (1957).

7. Cardozo, *Nature of Judicial Process*, 15 (1921).

8. This statute specifically applies to "proceedings * * * to enjoin, * * *

or otherwise review or enforce orders of administrative agencies," *supra*, note 5. The jurisdiction of the court is of the same character and scope in both kinds of proceedings. Ford Motor Co. v. NLRB, 305 U.S. 364, 369, 59 S.Ct. 301, 83 L.Ed. 221 (1939); NLRB v. Friedman-Harry Marks Clothing Co., 83 F. 2d 731 (2d Cir. 1936).