364 F.2d 674
 124 U.S.App.D.C. 281
 MIDWEST TELEVISION, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
MIDWEST VIDEO CORPORATION and Black Hills Video Corporation,
Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
 Nos. 19975, 20021, 20264.
 United States Court of Appeals District of Columbia Circuit.
 July 12, 1966.
 
 Messrs. Ernest W. Jennes, John E. Vanderstar and William Malone, Washington, D.C., were on the pleadings for appellants in Nos. 19,975 and 20,021.
 Mr. Henry Geller Gen. Counsel, F.C.C., with whom Mr. John H. Conlin, Associate Gen. Counsel and Mrs. Lenore G. Ehrig, Atty., F.C.C., and Howard E. Shapiro, Atty., Dept. of Justice, were on the pleadings, for appellees.
 Mr. Harry M. Plotkin, Washington, D.C., was on the pleadings for intervenors in Nos. 19,975 and 20,021 and also entered an appearance for appellants in No. 20,264.
 Before BAZELON, Chief Judge, BASTIAN, Senior Circuit Judge, and WRIGHT, Circuit Judge.
 PER CURIAM:
 
 
 1
 Black Hills Video and Midwest Video seek to intervene in Nos. 19,975 and 20,021 for the limited purpose of moving to have the record and proceedings in these cases transferred to the Eighth Circuit. We grant the motion to intervene and order the cases transferred.
 
 
 2
 These cases involved the validity of orders of the Federal Communications Commission concerning CATV systems. The FCC released its First Report and Order in this area on April 23, 1965, prescribing detailed rules and regulations relating to CATV systems which obtain their service by means of microwave assistance. In particular, such systems were required to carry the signals of local stations and not to duplicate the local stations' rpograms within a certain time period. Other CATV systems, i.e., those not utilizing microwave systems, were left unregulated. Black Hills and Midwest Video filed petitions for review of this order in the Eighth Circuit; the case has been briefed and argued there and is presently under submission.
 
 
 3
 On the same date that the First Order and Opinion issued, April 23, 1965, the FCC filed a Notice of Inquiry and Notice of Proposed Rule Making, stating that the hearings just completed had demonstrated the need for a general study of CATV regulation beyond that underlying the First Order.
 
 
 4
 The Commission issued a Public Notice on February 15, 1966, that it had reached agreement on a broad plan for regulation of CATV and on March 8, 1966, it issued its Second Report and Order, extending the scope of its First Order to all CATV stations, including those that do not rely on microwave systems. Midwest Television, Inc. (to be distinguished from intervenor Midwest Video) filed a petition in this court (No. 19,975) on February 16 to review the Public Notice and filed a petition to review the Second Order on the afternoon of its issuance (No. 20,021). Black Hills and Midwest Video filed petitions for review of the Second Order the next day, March 9, in the Eighth Circuit.[1] Because proceedings with respect to the Second Order were 'first instituted' in this court, the Commission has filed the record here, as it is required to do by 28 U.S.C. 2112(a).[2] Black Hills and Midwest Video now ask us to transfer the present cases to the Eighth Circuit pursuant to the discretionary transfer provision of that section.[3]
 
 
 5
 We noted in Eastern Air Lines, Inc. v. civil Aeronautics Bd., 122 U.S.App.D.C. 375, 378, 354 F.2d 507, 510 (1965):
 
 
 6
 'Certainly one factor that has considerable weight in the guidance of judicial discretion is the desirability of transfer to a circuit whose judges are familiar with the background of the controversy through review of the same or related proceedings.'
 
 
 7
 The Eighth Circuit has under submission the review of the Commission's First Report and Order, a case which is the precursor of the present proceedings and which perforce involves many of the same issues.[4] Thus, notwithstanding our familiarity with the general area[5] and the fact that the issues in the cases are not completely identical, it would not further the principles of 'sound judicial administration' that we discussed in the Eastern Air Lines case to have two courts of appeals review such closely related agency proceedings.[6] Moreover, the anomalous results inherent in the possibility of conflicting decisions on review will be avoided at the outset by transferring these cases to the Court of Appeals which is reviewing the First Order and in which a petition for review of the Second Order has also been filed. Accordingly, and since it is not contended that any party will be inconvenienced or prejudiced by litigating in the Eighth Circuit,[7] we grant the motion to transfer the cases.
 
 
 
 [1]
 That case is now here as No. 20,264, having been transferred here by the Eighth Circuit pursuant to the mandatory provision of 28 U.S.C. 2112(a), note 2 infra
 
 
 [2]
 28 U.S.C. 2112(a) reads in part:
 'If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed.'
 
 
 [3]
 'For the convenience of the parties in the interest of justice such court (in which the record has been filed) may thereafter transfer all the proceedings with respect to such order to any other court of appeals.'
 Ibid. See generally Insurance Workers Int'l Union, etc. v. NLRB, 124 U.S.App.D.C. 378, 360 F.2d 823, decided February 28, 1966.
 
 
 [4]
 To the extent that substantive requirements as to carriage and nonduplication, for example, are set forth in both orders, the issues on review are substantially similar, except that additional issues are presented by the changes and new requirements set forth in the Second Order
 
 
 [5]
 See Philadelphia Television Broadcasting Co. v. FCC, 123 U.S.App.D.C. 298, 359 F.2d 282, decided March 28, 1966; Idaho Microwave, Inc. v. FCC, 122 U.S.App.D.C. 253, 352 F.2d 729 (1965); Citizens TV Protest Committee v. FCC, 121 U.S.App.D.C. 50, 348 F.2d 56 (1965); Carter Mountain Transumission Corp. v. FCC, 116 U.S.App.D.C. 93, 321 F.2d 359, cert. denied. 375 U.S. 951, 84 S.Ct. 442, 11 L.Ed.2d 312 (1963)
 
 
 [6]
 It is plain that, except for the statutory basis on which authority to regulate is asserted, the two orders are intimately related. In the Second Order it is stated, paragraph 48, that 'the new regulations will apply equally to all CATV systems, including those which require microwave licenses * * *.' Hence, it might be argued that the First Order is academic. However, it is also stated, paragraph 102, that the rules conditioning microwave grants, adopted in the First Order, would be retained 'in their present form for a while longer, until CATVs are operating in accordance with the new rules.' In addition, to the extent that the Second Order may rely in part upon findings and judgments underlying the First Order, its validity may be partially dependent upon the validity of the First Order
 
 
 [7]
 The movants, Black Hills Video and Midwest Video, are incorporated in, and have their principal offices in Arkansas, which is within the Eighth Circuit. Petitioner Midwest Television, which opposes the motion to transfer, apparently does business in San Diego, California, and Champaign and Peoria, Illinois