J. P. STEVENS & CO., Inc., Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

TEXTILE WORKERS UNION OF AMER-
ICA, AFL–CIO, Petitioner,

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 11715 and 11718, 11867.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 2, 1967.

Decided Dec. 18, 1967.

See also 2 Cir., 380 F.2d 292; 2 Cir., 388 F.2d 896.

Daniel B. Jordan, Gen. Counsel for Textile Workers Union of America, AFL-CIO.

Whiteford S. Blakeney, Charlotte, N. C., for J. P. Stevens & Co., Inc.

Glen M. Bendixsen, Atty., N.L.R.B., for respondent.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge:

The Textile Workers Union of America, AFL-CIO, the charging party before the National Labor Relations Board, seeks to intervene in cases Nos. 11,715, 11,718, together with No. 11,867, and moves for their transfer to the United States Court of Appeals for the Second Circuit. We allow the interventions but deny the transfers.

Previously we have granted transfers in similar instances between the present parties, and a recital of the history of the present and past cases is helpful to an understanding of this case.

1. On August 31, 1967, the Board issued its decision and order in No. 11–CA–2697, et seq., 167 NLRB No. 24, now our No. 11,715 (Stevens III) [1]. It found that Stevens had engaged in various unfair labor practices and ordered the company to cease and desist therefrom and to take certain affirmative action. The Board also determined that the company did not engage in the other unfair labor practices, alleged in the union's complaint, and accordingly ordered dismissal of them. In addition, the Board refused to issue a bargaining order as requested by the union. Also denied was the union's request that the Board direct the company to grant the union access to the company's parking lots, and the opportunity to reply to any antiunion speech the company may deliver to its employees, while assembled on company time and premises, during a 1-year period.

On September 1, 1967, the company filed a Petition for Review of the Board's foregoing order of August 31, 1967 in this court as our No. 11,715 (Stevens III). On September 5, 1967, the union also filed a Petition for Review of the same Board order of August 31, 1967 in the Second Circuit, there designated as No. 31,666. The latter petition, deriving from the same order as is covered in No. 11,715, is docketed in this court as No. 11,867. Because of its origin, that proceeding is now included as a part of Stevens III.[2]

2. An additional unfair labor practice proceeding, stemming from the same union campaign as generated the dispute just mentioned, resulted in another Board order also of August 31, 1967 against the company in 11–CA–3101, et seq., 167 NLRB No. 38 (Stevens IV). On September 5, 1967 the company filed a Petition for Review of that order in this court, our No. 11,718. No petition in that case has been filed by the union in the Second Circuit as the union has suffered no substantial aggrievement as a result of the Board's order. The union, however, petitions to intervene and to file motion to transfer in 11,718.

1. The Roman numerals are simply convenient references originated by the Board for our use. Stevens I and II will appear later as designating two earlier cases, not now before us, between the same parties in which transfers were granted. Mention is made of these two preceding cases only to depict the entire history of this litigation.

2. Actually our No. 11,867 was transferred to us by the Second Circuit (its No. 31,-666) and received here October 26, 1967 —after the argument here on October 2, 1967 of Nos. 11,715 and 11,718. Because of its immediate association with the Board's order in No. 11,715, the parties agreed to have No. 11,867 treated as if it were before us in the argument of Nos. 11,715 and 11,718.

3. As the unfair labor practices occurred within this judicial circuit, we have jurisdiction to review the Board's orders in Nos. 11,715, 11,867 and 11,718 (Stevens III and IV) under Section 10(f) of the National Labor Relations Act, 29 U.S.C. § 160(f). Further, since not only the company but also the union "transacts business" within the Second Circuit, the Court of Appeals there also has jurisdiction under Section 10(f) to review these orders.

4. In its motions to transfer all these cases to the Court of Appeals for the Second Circuit, the union points out that these cases (Stevens III and IV) represent the third and fourth of a series and are, in effect, a continuation of prior Board proceedings against the company. In each of the two earlier cases (Stevens I and II) the company filed a Petition for Review in this court and the union filed such a petition in the Second Circuit. In Stevens I this court, on the motion of the union, transferred the proceedings (our Nos. 10,555 and 10,556) to the Second Circuit on the ground that the union's petition was first filed there. The Second Circuit thereafter denied the company's motion to retransfer the proceedings to this court; it rejected the company's contention that this court was the more appropriate one to hear the matter. Subsequently, the Second Circuit enforced with certain modifications, the Board's order in Stevens I. With regard to its earlier refusal to retransfer the proceeding, the Court remarked in J. P. Stevens & Co. v. NLRB, 380 F.2d 292, 303, fn. 16:

"We wish to make two things clear: (1) Now that we have completed a thorough review of the record, we are by no means sure that our earlier refusal to transfer was correct. The Company sought, *inter alia*, review of 71 discharges and an order extensively affecting it; the Union sought review of 6 discharges. All the discharges occurred in North and South Carolina, and the impact of the order, about which serious questions of policy are raised * * * will be directly felt in those states. The Board itself informed this court that it was in a 'quandary' as to the circuit in which to proceed; and (2), in any event, our prior order is not controlling with regard to the proper forum to review the further Board orders, actual or potential, referred to above."

5. In the second case in this earlier series, our 11,246 (Stevens II) the company's petition was filed here shortly before the union's was lodged in the Second Circuit. The union urged us to transfer the cause to the Second Circuit, pointing out that the events at issue in Stevens II, like those in Stevens I, grew out of the union's organizing campaign instituted in early 1963 at the company's mills in North and South Carolina; that most of the plant locations in which the events occurred in Stevens II were the site of the events in Stevens I; that many of the supervisors and employees involved in Stevens II had also been involved in Stevens I; that some of the dischargees in Stevens II had been witnesses in Stevens I; that the nature of many of the violations was the same in the two cases; and, that the fact pattern in Stevens II was directly bound up with Stevens I. Granting the union's motion, this court on April 10, 1967 transferred the proceedings, our No. 11,246, in Stevens II to the Second Circuit, noting that the case "involves the same background facts as the one heretofore transferred to the Second Circuit and, although review of a different Board order is requested, relates to a continuation of the controversy involved in the earlier case," (our Nos. 10,555 and 10,556). Stevens II is now before the Second Circuit and was argued on October 10, 1967. In refusing to retransfer Stevens II to us, the Court observed: "[T]his does not imply that we will take a similar view with respect to any petitions not yet filed in this Court for enforcement or review of any further orders that may be made with respect to any alleged unfair labor practices of J. P. Stevens & Co. in the Fourth Circuit."

6. In the instant motions for transfer of Nos. 11,715, 11,867 (Stevens III) and No. 11,718 (Stevens IV) the union re-

iterates the contentions it advanced when it successfully moved this court to transfer Stevens II to the Second Circuit. The company, on the other hand, calls the court's attention to the fact that it had first initiated the instant proceeding in this court, that it has 43 plants and 28,000 employees in North and South Carolina and that the NLRB hearings were conducted in that area. It was also pointed out that different trial examiners handled each of the recent Board decisions, our Nos. 11,715, 11,867 and 11,718 (Stevens III and IV) and that neither of them was directly concerned with the first two Stevens rounds (Stevens I and II).

■■ I. In No. 11,715 (Stevens III) the Board as stated found contrary to the contentions of the union that the company did not engage in certain alleged unfair labor practices and, in addition, the Board refused to grant the union's request for a bargaining order and additional relief. The union is thus a "person aggrieved" within the meaning of Section 10(f). The question of the right of the union to intervene in 11,715, however, has become moot with the stipulation of the parties that 11,715 and 11,867 should be heard together, coupled with the docketing of 11,867, which automatically brings the union before the court as a party to the case.

■ As a successful charging party in No. 11,718 (Stevens IV) the union is entitled to intervene in that proceeding. International Union UAW v. Scofield, 382 U.S. 205, 210, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965). Therefore the union's motion to intervene in 11,718 will be granted.

II. As to the appropriate forum there is this statute, 28 U.S.C. § 2112(a) providing:

"* * * If proceedings have been instituted in two or more courts of appeals with respect to the same order

the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals."

■■ This section, as is evident, fixes the initial place of suit, authorizes transfers to effectuate that direction, and empowers the court of original jurisdiction thereafter to transfer the case to another circuit for hearing. Accordingly, although this court was the first place of filing in the present cases, docketed as our 11,715 and 11,718, it has the discretion under 28 U.S.C. § 2112(a) to transfer them to the Second Circuit.[3]

Neither the company nor the union has called our attention to decisional guides in the exercise of the discretionary powers conferred by 28 U.S.C. § 2112(a). The transfer of Stevens I, similar to the transfer we ordered in Ball v. NLRB, 299 F.2d 683, 687 (4 Cir. 1962), cert. den., 369 U.S. 838, 82 S.Ct. 868, 7 L.Ed. 2d 843, was not a discretionary act; it was compelled under 28 U.S.C. § 2112(a) because the proceedings had first been filed in another circuit. Transfer of Stevens II was a discretionary decision for the reasons just summarized in paragraph 5. We discern no universal pattern for discretionary transfers. Apparently each instance has been resolved on its own peculiar facts.

■ We now consider this decision not to transfer in a similar context. The case in the Second Circuit, Stevens II, has been virtually concluded. No longer does it remain open for consideration of additional incidents of alleged infractions

---

**3.** Our No. 11,867, as indicated in note 2, was transferred to this court by the Second Circuit in accordance with 28 U.S.C. § 2112(a). The company's filing first in this court (as our 11,715) compelled the Second Circuit to transfer to this court its

31,666, filed there by the union. This court under 28 U.S.C. § 2112(a), as with the power to transfer 11,715 and 11,718, also has the discretionary power to retransfer 11,867.

of the National Labor Relations Act, albeit they may be akin to those charged in Stevens II. Cf. Far East Conference v. Federal Maritime Commission, 337 F. 2d 147, 148 fn. 1 (1964). True, the contests here arise from the same union organization campaign as generated the disputes litigated in Stevens I and II, heretofore transferred to the Second Circuit, but we cannot close our eyes to the fact that they occurred in our circuit. They may be kindred of those sent to the Second Circuit, but this alone does not relieve us of an obligation to undertake decision of them. The grounds pressed here by the union for the transfers do not disclose any convincing justification for passing the burden of these suits to the Second Circuit.[4]

Intervention allowed; transfers denied.

See also 4 Cir., 388 F.2d 892.

---

4. The National Labor Relations Board has taken no position as to the appropriateness of the forum in any of these cases.