**PENNSYLVANIA GLASS SAND CORPORATION, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 26326.

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1968.

Max Nathan, Jr., New Orleans, La., Robert Lewis, New York City, for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, Washington, D. C., for respondent.

Before COLEMAN, GOLDBERG and GODBOLD, Circuit Judges.

PER CURIAM:

At 3:23 p. m. on June 28, 1968, petitioner filed a petition to review a Board order in this court. Prior to that time, at 9:17 a. m. of the same day, the charging party before the Board, General Teamsters and Allied Workers Local Union No. 992, had filed a petition to review the same order in the Court of Appeals for the District of Columbia.

Pursuant to 28 U.S.C. § 2112(a),[1] respondent filed with this court a motion to transfer this cause to the Court of Appeals for the District of Columbia. The motion to transfer is granted.[2]

Our grant of the motion is without prejudice to the rights of petitioner to move the District of Columbia Court of Appeals to dismiss the Union's petition on the grounds that it is not an aggrieved party, or to request that Circuit to transfer the entire case back to this court, or to any other Circuit, for the "convenience of the parties in the interest of justice." 28 U.S.C. § 2112(a).[3]

---

1. 28 U.S.C.A. § 2112(a):

\* \* \* \* \* \*

"If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals."

2. See J. P. Stevens & Co. v. N. L. R. B., 388 F.2d 892 (4 Cir.1967); Truck Drivers, etc., Local 728, Teamsters v. N. L. R. B., 128 U.S.App.D.C. 216, 386 F.2d

643 (1967); International Union, United Automobile, etc. v. N. L. R. B., 126 U.S. App.D.C. 11, 373 F.2d 671 (D.C.Cir. 1967); Insurance Workers International Union v. N. L. R. B., 124 U.S.App.D.C. 8, 360 F.2d 823 (1966); Eastern Airlines v. C. A. B., 122 U.S.App.D.C. 375, 354 F.2d 507 (1965); Salerno-Megowen Biscuit Co. v. N. L. R. B., 7 Cir. [No. 15,165, June 17, 1965], mot. for reconsideration denied [No. 15,165, Sept. 1965]; Ball v. N. L. R. B., 299 F.2d 683 (4th Cir.), cert. denied, 369 U.S. 838, 82 S.Ct. 868, 7 L. Ed.2d 843 (1962); Local 2674, United Brotherhood of Carpenters v. N. L. R. B., 47 LRRM 2688 (D.C.Cir. 1960).

3. If the D.C. Circuit granted a motion to dismiss, petitioner could request that this cause be returned to this court on the ground that it is the only reviewing court in which a valid petition was filed.