**CHATHAM MANUFACTURING COM-PANY, Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 12790.**

United States Court of Appeals
Fourth Circuit.

Submitted Nov. 13, 1968.

Decided Nov. 27, 1968.

W. P. Sandridge, Charles F. Vance, Jr., Winston-Salem, N. C., Jerome Powell, William H. Willcox, Washington, D. C., for petitioner.

Marcel Mallet-Prevost, Asst. Gen. Counsel, National Labor Relations Board, Washington, D. C., Daniel B. Jordan, Gen. Counsel, Textile Workers Union of America, AFL–CIO, New York City, for respondent.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and WINTER, Circuit Judges.

HAYNSWORTH, Chief Judge.

The employer resists, and the union supports, the Board's motion to transfer this petition to review a decision of the National Labor Relations Board to the Court of Appeals for the District of Columbia Circuit. Since the union, as the charging party, first filed a petition for review in the District of Columbia Circuit, the Board's motion to transfer will be granted.

Textile Workers Union of America filed charges of unfair labor practices · by Chatham Manufacturing Company, a North Carolina corporation. The charges were filed in the regional office of the Board in Winston-Salem, North Carolina, and the alleged unfair labor practices· occurred in that state. The trial examiner recommended, and the Board found, most of the charges proven, and the Board entered an order directing the employer to take affirmative action to rectify the unfair labor practices it was found to have committed.

Copies of the Board's decision were mailed to counsel for the parties on September 9, 1968. The union apparently received its copy in Washington on the morning of September 10, 1968 and, alleging that it was aggrieved by the fact that certain of its unfair labor practice charges were not found by the Board to have occurred, it filed a petition for review in the office of the clerk of the United States Court of Appeals for the District of Columbia Circuit at 9:58 o'clock that morning. Counsel for the employer in Winston-Salem, North Carolina did not receive his copy of the decision until September 11, 1968. Counsel for the employer then prepared a petition for review which was forwarded by mail to the clerk of this court and received on September 13, 1968.

Because it is clear that the union's petition for review in the District of Columbia Circuit was filed before the employer's petition for review was filed in this court, the Board moved us to transfer these proceedings to the District of Columbia Circuit. The employer's resistance is based upon claims that under the Board's decision, the union received substantially all that it sought, that it is not in fact an aggrieved party and that, substantively, its "petition to review" in the District of Columbia Circuit is actually a petition to procure enforcement of the Board's order. The contentions are advanced in a context of a general attack upon unseemly races to the courts when charging parties and ·respondents in Labor Board proceedings seek to obtain the advantage of the choice of forum.

■ We may agree that a race to different courts is unbecoming, particularly when petitions are filed in widely separated courts shortly after the Board's decision is released and the petition for review is obviously or ap-

parently a skeletal thing prepared in advance without actual awareness of what the Board's decision would be. As long as a charging party who gets less than he requested is treated as a person aggrieved within the meaning of § 10(f) of the National Labor Relations Act,[1] however, the court in which the second petition is filed is powerless to do anything about it. We have no discretion but to grant the Board's motion to transfer. This is the plain requirement of 28 U.S.C.A. § 2112(a). That section requires the Board to file the record in the court of appeals in which the petition was first filed and requires other courts of appeals in which petitions to review were later filed to transfer the proceedings to the court in which there was the first filing. We considered such situations at some length in Ball v. N.L.R.B., 4 Cir., 299 F.2d 683 and in J. P. Stevens & Co. v. N.L.R.B., 4 Cir., 388 F.2d 892.

■■■ Nonetheless, the employer contends that we should refuse the requested transfer on the grounds that the union is not, in fact, a person aggrieved within the meaning of § 10(f) of the Act and that what it failed to get before the Board is so insubstantial that its petition to review is in actuality a petition to enforce the Board's order. There has been filed with us an unreported order of the United States Court of Appeals for the Seventh Circuit, entered on June 17, 1965, in Salerno-Megowen Biscuit Co. v. N.L.R.B. in which the Seventh Circuit reviewed the record, concluded that the union was not an aggrieved party within the meaning of § 10(f) and thus disregarded the union's earlier filed "petition for review" in the District of Columbia Circuit. The Seventh Circuit's refusal to transfer the *Salerno-Megowen* case may have had practical justification if, in fact, the union was not even arguably an aggrieved party, but grave risk is run of very unseemly conflicts between courts if two or more courts are called upon to examine that question with the possibility that they may come to different conclusions. The scheme of 28 U.S.C.A. § 2112(a) seems to us appropriately to avoid such unseemly conflicts by leaving the court in which the petition is later filed no discretion but to transfer the petition to the court in which the petition is first filed. The court in which the petition is first filed may examine the record to determine whether or not the party who filed the petition in that court is indeed one aggrieved within the meaning of § 10(f) of the Act. If the filing party is not, in fact, such a person, that court should transfer all proceedings to some other court of appeals, particularly if the petition for review is in substance a petition for enforcement and has been filed in a court in which the Board itself might not have filed enforcement proceedings. Even if the party first filing a "petition for review" has some legitimate complaint about the board's order, but is substantially the prevailing party, the court in which its petition was first filed still has the discretionary right under 28 U.S.C.A. § 2112(a) to transfer the proceedings to any other court of appeals when such a transfer would be for the convenience of the parties and the interests of justice.

We do not reach the employer's contentions, therefore. The proceedings in this court will be transferred to the District of Columbia Circuit on the Board's motion without any examination on our part of the employer's contentions respecting the insubstantiality of the union's claimed aggrievement. We make the transfer because we think we have no discretion to do anything else, leaving to the Court of Appeals for the District of Columbia Circuit consideration of the employer's contentions and any other considerations it may advance in the District of Columbia Circuit in support of a motion to retransfer the proceedings to this or to some other circuit.

Motion granted.

---

1. 22 U.S.C.A. § 160(f).