425 F.2d 52
 73 L.R.R.M. (BNA) 2942
 J. L. SIMMONS COMPANY, Inc., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
LOCAL NO. 742, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS
OF AMERICA, JohnForeman, Business Agent, and
Harold Stolley, Steward, Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
 Nos. 17899, 18134.
 United States Court of Appeals, Seventh Circuit.
 April 1, 1970, Rehearing Denied May 11, 1970.
 
 Floyd G. Hoffman, Bernard M. Mamet, Chicago, Ill., for petitioners.
 Marcel Mallet-Prevost, Asst. Gen. Counsel, N.L.R.B., Washington, D.C., for respondent.
 Before SWYGERT, Chief Judge, and CUMMINGS and KERNER, Circuit Judges.
 PER CURIAM.
 
 
 1
 J. L. Simmons Company brought a charge against Local 742, United Brotherhood of Carpenters and Joiners of America, and two of its officers, alleging that the union was engaged in an unlawful secondary boycott in refusing to handle certain premachined doors manufactured by another employer. The trial examiner held for the union on the ground that the union was engaged in permitted work preservation activity. The Board overruled the examiner and found that the union violated 8(b)(4)(i) and (ii)(B) of the National Labor Relations Act since Simmons, the neutral employer, was required by the architect's specifications to use the doors in question, and thus had no control over which type of doors could be hung.[1] 178 N.L.R.B. No. 54 (September 5, 1969), On September 6, 1969, the company filed its petition in this court (No. 17,899) 'to review and set aside or modify a decision and order of the National Labor Relations Board.' On September 22, 1969, the union filed a petition for review in the Court of Appeals for the District of Columbia Circuit (No. 23,486). The Board, on October 8, 1969, moved in the District of Columbia Circuit to transfer the union's petition to this court pursuant to 28 U.S.C. 2112(a).[2] The Board filed the record in this court on October 16, 1969 and on December 19, 1969, the District of Columbia Circuit transferred the union's petition to this court, stating that it 'expresses no opinion on the issue of whether or not the employer is an aggrieved party and does not by the entry of this order pass upon any question of jurisdiction.' The company claims that it is a 'person aggrieved' by the Board's order within the meaning of 10(f) of the National Labor Relations Act[3] since the Board, in overruling the trial examiner's finding for the union, did not reach an issue raised in the company's exceptions to the trial examiner's rulings. Thus, although the Board held that the union violated the Act in that its activities were not protected under the status of work preservation, and although the Board ordered the union to cease and desist from engaging in the unlawful activity of which the company complained, the Board stated in its opinion that, 'In view of our finding above, we find it unnecessary to decide whether a mere demand that a contracting company bargain with a union for premium pay to perform work on prefabricated products, such as premachined doors in the instant case, would in and of itself be violative of Section 8(b)(4)(i)(ii)(B).'
 
 
 2
 Evidence of a 'demand' by the union to bargain over a premium wage rate for handling the premachined doors, which forms the basis of the company's claimed aggrievement, can be found in only two places in the record presently before this court. The first is a reference in the trial examiner's opinion to a conversation between the union and company attorneys, wherein the lawyer for the union 'suggested' to the company's attorney the possibility of negotiating some kind of premium pay. The latter responded that this sounded 'like a payment for work not performed.' The matter was left open by both attorneys with the company attorney promising to 'get back' to the lawyer for the union.
 
 
 3
 Without contacting the union, however, the company shortly thereafter filed the unfair labor practice charge before the Board. While that charge was pending before the agency, the union attorney submitted a proposed agreement to the company 'which provided that the doors in question would be hung but that, in the event that the union won the case before the Board, the Carpenter employees would either be paid an additional hourly premium of a stated rate for handling the premachined doors or the parties would thereafter negotiate the premium to be paid the employees.' (Decision of trial examiner, pp. 8-9; Decision of Board 178 N.L.R.B., slip opinion p. 3).
 
 
 4
 We believe that a serious question is presented whether the Board's refusal to rule on the company's contention on this issue made the company a 'person aggrieved' within the meaning of section 10(f). Assuming arguendo, however, that the company is, by its mere allegation, aggrieved by the Board's order, we are nevertheless of the opinion that the consolidated petitions for review should be transferred under our 'inherent discretionary power to transfer the proceeding to another circuit in the interest of justice and sound judicial administration.' Eastern Air Lines, Inc. v. C.A.B., 122 U.S.App.D.C. 375, 354 F.2d 507, 510 (1965).
 
 
 5
 The aggrievement, if any, suffered by the company as a result of the Board's order, which granted substantially all the relief requested, is insignificant when compared with that claimed by the union. Where a party to an administrative proceeding 'has received substantially all the relief contemplated, and any shortfall is inconsequential even though it does not eliminate the technical status of 'aggrievement',' we may properly transfer to the circuit in which the party who is substantially aggrieved has petitioned for review. International Union, United Auto., A. & A. Imp. Wkrs. v. NLRB, 126 U.S.App.D.C. 11, 373 F.2d 671, 674 (1967).[4]
 
 
 6
 Accordingly, the consolidated petitions for review are ordered transferred to the Court of Appeals for the District of Columbia Circuit.
 
 
 
 [1]
 The Board cited Mechanical Contractors Assoc. of Detroit, Inc., 177 N.L.R.B. No. 14, Mechanical Contractors Assoc. of Cleveland, 168 N.L.R.B. No. 138, and American Boiler Manufacturers Assoc., 167 N.L.R.B. No. 79, as authority for its holding
 
 
 [2]
 28 U.S.C. 2112(a) reads in pertinent part: '* * * If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.'
 
 
 [3]
 Section 10(f) of the National Labor Relations Act, (29 U.S.C. 160(f)), provides in pertinent part:
 Any person aggrieved by a final order of the Board granting or denying in whole or in part the relief sought may obtain a review of such order in any United States court of appeals in the circuit wherein the unfair labor practice in question was alleged to have been engaged in or wherein such person resides or transacts business, or in the United States Court of Appeals for the District of Columbia * * *.