**J. P. STEVENS & CO., INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 78–1879.

United States Court of Appeals, Fourth Circuit.

Submitted Jan. 25, 1979.

Decided Feb. 27, 1979.

Homer L. Deakins, Jr., Ogletree, Deakins, Smoak & Stewart, Greenville, S.C., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, Washington, D.C., for respondent.

Jonathan R. Harkavy, Smith, Patterson, Follin, Curtis, James & Harkavy, Greensboro, N.C., for Amalgamated Clothing and Textile Workers Union.

Before BUTZNER, WIDENER and HALL, Circuit Judges.

PER CURIAM:

On December 13, 1978, the Amalgamated Clothing and Textile Workers Union filed a petition for review of an order entered by the National Labor Relations Board with the United States Court of Appeals for the Second Circuit. On December 14, 1978, J. P. Stevens & Co., Inc., filed in this court a petition for review of the same order. The parties question which court is the proper forum for review.

Section 10(f) of the National Labor Relations Act, as amended, 29 U.S.C. § 160(f), grants a right of review to any party aggrieved by a final order of the Board. The process of review is initiated by the filing of a petition with the circuit court of appeals in the circuit where the unfair labor practice in question is alleged to have taken place or where the party resides or transacts business, or with the United States Court of Appeals for the District of Columbia. Review of administrative orders is governed by 28 U.S.C. § 2112(a) which provides that:

> If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals.

Stevens contends that the Union filed its petition with the Second Circuit prematurely and that the Union's filing was therefore invalid. The company urges us to consider its petition to be the "first instituted" proceeding within the meaning of § 2112(a).

Stevens has asked the court to compel discovery against both the Board and the

Union in order that facts bearing on the jurisdiction of the court may be ascertained. Meanwhile, the Board has filed a certified list of record materials with the Second Circuit in accordance with the directive of § 2112(a) and has moved the court to transfer the instant review petition to the Second Circuit. Finally, the Union has moved the court for leave to intervene in support of the Board's motion for transfer. During the pendency of these motions, the Board has supplied most of the information sought by Stevens in its motion to compel discovery. The company has therefore withdrawn its motion with respect to the Board.

The information furnished by the Board concerning notice to the parties of its decision raises serious questions regarding the priority of the Union's petition. The consensus among those courts that have considered the question, however, is that the court of first filing should determine the validity of the petition filed in that court. *Industrial Union Dept. v. Bingham*, 187 U.S.App.D.C. 56, 59, 570 F.2d 965, 968 n. 4 (1977). Any other rule would create a risk of unseemly conflicts between courts should two or more circuits examine the question of which proceeding was first instituted and should they reach different conclusions. *See Chatham Mfg. Co. v. NLRB*, 404 F.2d 1116, 1118 (4th Cir. 1968). If the Second Circuit determines that the petition filed with it is invalid or if it otherwise decides that "[f]or the convenience of the parties in the interest of justice" the matter should be transferred, it is empowered under § 2112(a) to transfer the proceedings back to this court.

Accordingly, we transfer these proceedings, including the motions filed by the parties, to the Second Circuit.