# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2019

_____

No. 19-60357

_____

Lyle W. Cayce
Clerk

WYNNEWOOD REFINING COMPANY, L.L.C., and its successors,

> Petitioner

v.

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION;
PATRICK PIZZELLA, ACTING SECRETARY, DEPARTMENT OF LABOR,

> Respondents

_____

On Petition for Review of an Order of the
Occupational Safety and Health Review Commission

_____

Before SMITH, COSTA, and HO, Circuit Judges.

GREGG COSTA, Circuit Judge:

Appeals of some agency rulings must be filed in only one court of appeals, often the D.C. Circuit. *See, e.g.*, 47 U.S.C. § 402(b) (restricting venue for appeals from certain FCC decisions to the D.C. Circuit). But sometimes a party appealing an agency ruling has multiple circuits to choose from. That is the case for decisions of the Occupational Safety and Health Review Commission, which may be challenged in the circuit where the alleged safety violations occurred, where the employer has its principal office, or in the D.C. Circuit. 29 U.S.C. § 660(a); *see also* 29 U.S.C. § 160(f) (providing similar venue options for appeals of National Labor Relations Board decisions). What happens when

No. 19-60357

different parties appeal the same Commission ruling in different circuits? Because the employer filed this appeal in the Fifth Circuit while the Secretary of Labor appealed the same agency ruling in the Tenth Circuit, we must answer that question.

The Secretary of Labor issued Wynnewood Refining multiple citations alleging safety violations at its Oklahoma refinery. Wynnewood contested the citations. It achieved partial success before the agency. The Commission modified five violations by recharacterizing them as less severe than the Secretary alleged.

This mixed result prompted both the Secretary and Wynnewood to seek judicial review. The Secretary appealed to the Tenth Circuit, where venue is proper because the alleged violations occurred in Oklahoma. 29 U.S.C. § 660(a); *see also id.* § 660(b) (allowing the Secretary of Labor to petition for review of Commission decisions). Wynnewood appealed to the Fifth Circuit, where venue is also proper because the company's headquarters are in Texas. *Id.* § 660(a).

Congress set rules for resolving this problem of multiple appeals in multiple circuits. 28 U.S.C. § 2112(a)(1); *see generally* 16 CHARLES ALAN WRIGHT ET AL., FED. PRAC. & PROC. § 3944 (3d ed.) (chronicling the history of this statute). When, as in this case, none of those petitions is filed within ten days of the challenged agency decision, the Commission "shall file the record in the court in which proceedings with respect to the order were first instituted."[1] 28 U.S.C. § 2112(a)(1). Once the agency properly files the record

---

[1] When multiple appeals are filed within ten days of the agency decision, the first-to-file rule does not apply. 28 U.S.C. § 2112(a)(1). In that situation, the Judicial Panel on Multidistrict Litigation randomly selects one court of appeals to hear all of the petitions for review. *Id.* § 2112(a)(3); *see also* WRIGHT, FED. PRAC. & PROC. § 3944 (noting that although "[t]he 'first to file' rule was [partially] superseded" by a 1988 amendment, "[t]he new system

where a petition for review was first filed, "[a]ll courts . . . , other than the court in which the record is filed pursuant to [section 2112], shall transfer those proceedings to the court in which the record is so filed." *Id.* § 2112(a)(5).

The Secretary's Tenth Circuit appeal was filed first. It was filed at 12:33 p.m. on May 24th. Wynnewood filed its appeal in this court the same day, but not until 3:09 p.m. according to a Clerk's Office receipt. "When one party succeeds in obtaining an earlier time stamp from the Clerk of one court the agency under review must file [the administrative record] there." *Southland Mower Co. v. U.S. Consumer Prod. Safety Comm'n*, 600 F.2d 12, 14 (5th Cir. 1979) (quotation omitted). The first-to-file rule governs even for petitions filed on the same day; indeed, we have applied it even when petitions were filed within a minute of each other. *Id.* (applying first-to-file rule when one petition "was time stamped one minute before" the other); *Formaldehyde Inst., Inc. v. U.S. Consumer Prod. Safety Comm'n*, 681 F.2d 255, 261–62 (5th Cir. 1982) (awarding venue to the petition filed ten seconds earlier). So under the first-to-file rule, the Commission should have filed the record in the Tenth Circuit.

The wrinkle is that the Commission filed the record in both circuits and filed it first in the Fifth Circuit. Wynnewood argues this means we should hear the appeal because "[t]he duty of determining who was first to file falls, under the express provisions of 28 U.S.C. § 2112(a), upon the agency whose proceedings are under review." *United Steelworkers of Am., AFL-CIO CLC v. Marshall*, 592 F.2d 693, 696 (3d Cir. 1979). But letting the agency decide the forum would be at odds with the statute's text, which states that the Commission "*shall* file the record in the court in which proceedings . . . were first instituted." 28 U.S.C. § 2112(a)(1) (emphasis added); *see also Southland*

---

explicitly retains the first-filing rule for" situations in which no petition is filed within ten days).

*Mower*, 600 F.2d at 14 (holding that the agency "must file" the record where an appeal was first filed). An agency's conduct cannot override this statutory command that the appeal be heard in the circuit where the petition for review was first filed. Indeed, the statutory first-to-file rule replaced the agency-picks-the-forum rule Wynnewood wants. Prior to the 1958 enactment of section 2112, an agency, "in choosing the court in which to file the record, determined the tribunal which would hear the case." *Ball v. N.L.R.B.*, 299 F.2d 683, 685 (4th Cir. 1962); *see also Eastern Air Lines, Inc. v. Civil Aeronautics Bd.*, 354 F.2d 507, 511 (D.C. Cir. 1965) (recognizing that section 2112 departed from the rule that an agency could choose "the forum by filing the record in the court of its selection"). The different rule Congress adopted requires that the appeal of this Commission ruling be heard in the circuit where the first appeal was filed.

The statute's first-to-file rule also defeats Wynnewood's argument that the filing of the record creates "exclusive" jurisdiction in the court that receives it. *See* 29 U.S.C. § 660(a). The statute does state that, "[u]pon filing of the record with it, the jurisdiction of the court shall be exclusive." *Id.* But that same subsection directs the Commission to follow section 2112, which requires it to file the record where an appeal was "first instituted." 28 U.S.C. § 2112(a)(1). As we have said, an agency cannot subvert the congressional directive to file the record in the circuit where a party first appealed.

We therefore GRANT the Secretary's motion to transfer this appeal to the Tenth Circuit. Any motion to transfer the appeal on convenience grounds, *see* 28 U.S.C. § 2112(a)(5), will be decided in that circuit.