359 F.2d 282
 PHILADELPHIA TELEVISION BROADCASTING CO., Permittee of Construction Permit for Television Station WPHL-TV, et al., Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION, United States of America, Respondents,
Rollins, Inc., National Community Television Association, Inc., Intervenors.
 No. 19577.
 United States Court of Appeals District of Columbia Circuit.
 Argued December 1, 1965.
 Decided March 28, 1966.
 
 Mr. Joseph A. Fanelli, Washington, D. C., with whom Mr. Benedict P. Cottone, Washington, D. C., was on the brief, for petitioners.
 Mr. Daniel Ohlbaum, Deputy Gen. Counsel, F.C.C., for respondents. Asst. Atty. Gen. Lyle M. Turner, Messrs. Henry Geller, Gen. Counsel, F.C.C., John H. Conlin, Associate Gen. Counsel, Mrs. Lenore Ehrig, Atty., F.C.C., and Mr. Lionel Kestenbaum, Atty., Dept. of Justice, were on the brief, for respondents.
 Mr. Stanley S. Neustadt, Washington, D. C., for intervenor Rollins, Inc. Messrs. Marcus Cohn, Paul Dobin and Joel H. Levy, Washington, D. C., were on the brief for intervenor Rollins, Inc.
 Messrs. Robert D. L'Heureux, E. Stratford Smith and Roger E. Zylstra, Washington, D. C., were on the brief for intervenor National Community Television Ass'n, Inc.
 Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and LEVENTHAL, Circuit Judges.
 LEVENTHAL, Circuit Judge:
 
 
 1
 Petitioners filed a complaint with the Federal Communications Commission seeking an order that Rollins Broadcasting, Inc. cease and desist from constructing and operating a community antenna television (CATV) system serving Wilmington, Delaware, until Rollins complies with the requirements of Title II of the Communications Act, 47 U.S.C. §§ 201-222, with respect to common carriers. The Commission, being of the view that CATV systems are not common carriers within the meaning of Title II, summarily dismissed the complaint. We affirm the Commission's action, for reasons developed below.
 
 
 2
 Petitioners urge that CATV systems are common carriers within the meaning of the Communications Act, and that the FCC is therefore required to apply the provisions of Title II of that Act, e. g., requiring CATV systems to obtain certificates of public convenience and necessity, and file charges with the Commission.
 
 
 3
 In approaching the problem of statutory interpretation before us, we show "great deference to the interpretation given the statute by the officers or agency charged with its administration. `To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings.'"[1]
 
 
 4
 We think such deference to the agency's interpretation of its governing statute is reinforced where, as here, the legislative history is silent, or at best unhelpful, with respect to the point in question. Congress in passing the Communications Act in 1934 could not, of course, anticipate the variety and nature of methods of communication by wire or radio that would come into existence in the decades to come. In such a situation, the expert agency entrusted with administration of a dynamic industry is entitled to latitude in coping with new developments in that industry.
 
 
 5
 The Commission, responsive to the increasing impact of CATV, has undertaken a system of regulation in the public interest. It began with the CATV systems served by microwave carriers,[2] and it now has asserted jurisdiction over all CATV systems under the general provisions of the Act, and issued regulations.[3] The Commission had already announced proposed rules, predicated on such jurisdiction, at the time it dismissed petitioners' complaint.[4] Its holding that CATV systems are not common carriers thus comes before us in a context of regulation of the CATV systems under different provisions of the Communications Act. In a statutory scheme in which Congress has given an agency various bases of jurisdiction and various tools with which to protect the public interest, the agency is entitled to some leeway in choosing which jurisdictional base and which regulatory tools will be most effective in advancing the Congressional objective. It is the FCC's position that regulating CATV systems as adjuncts of the nation's broadcasting system is a more appropriate avenue for Commission action than the wide range of regulation implicit in the common carrier treatment urged by petitioners. This seems to us a rational and hence permissible choice by the agency.[5]
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 800, (1965), quoting Unemployment Compensation Comm. of Territory of Alaska v. Aragon, 329 U.S. 143, 153, 67 S.Ct. 245, 91 L.Ed. 136, 13 L.Ed.2d 616 (1946). See also Power Reactor Development Co. v. International Union of Electrical, Radio & Machine Workers, 367 U.S. 396, 408, 81 S.Ct. 1529, 6 L.Ed.2d 924 (1961); Norwegian Nitrogen Products Co. v. United States, 288 U.S. 294, 315, 53 S.Ct. 350, 77 L.Ed. 796 (1933); Born v. Allen, 110 U.S.App.D.C. 217, 223, 291 F.2d 345, 351 (1960)
 
 
 [2]
 Carter Mountain Transmission Corp., 32 F.C.C. 459 (1962), affirmed, 116 U.S. App.D.C. 93, 321 F.2d 359, cert. denied, 375 U.S. 951, 84 S.Ct. 442, 11 L.Ed.2d 312 (1963)
 
 
 [3]
 SeeSecond Report and Order, Dockets No. 14895, 15233, 15971 (March 4, 1966).
 
 
 [4]
 Notice of Inquiry and Proposed Rulemaking re All CATV Systems, Docket No. 15971, 1 F.C.C.2d 453 (April 22, 1965).
 
 
 [5]
 We of course do not pass judgment on the validity of the broad jurisdictional base asserted by the Commission in itsNotice of Inquiry and Proposed Rulemaking of April 1965, and in the recently issued rules with respect to all CATV systems. See 1 F.C.C.2d at 478-82. But the basis is already established insofar as microwave-served CATV systems are concerned. Carter Mountain Transmission Corp. v. FCC, 116 U.S.App.D.C. 93, 321 F.2d 359, cert. denied, 375 U.S. 951, 84 S.Ct. 442, 11 L.Ed.2d 312 (1963); Idaho Microwave, Inc. v. FCC, 122 U.S. App.D.C. ___, 352 F.2d 729 (1965). Certainly the Commission's assertion of jurisdiction over CATV systems by its order of March 4, 1966, is substantial enough to serve as a basis for declining to regulate them as common carriers.