Eugene J. McCARTHY, United States Senator, Petitioner,

v.

FEDERAL COMMUNICATIONS COM-MISSION and United States of America, Respondents,

Columbia Broadcasting System, Inc., American Broadcasting Companies, Inc., and National Broadcasting Company, Inc., Intervenors.

No. 21634.

United States Court of Appeals District of Columbia Circuit.

Argued on Motion Feb. 15, 1968.

Decided Feb. 19, 1968.

Mr. Joseph L. Rauh, Jr., Washington, D. C., with whom Messrs. Benedict P. Cottone and John Silard, Washington, D. C., were on petitioner's motion for summary reversal, for petitioner.

Mr. Henry Geller, General Counsel, Federal Communications Commission, with whom Messrs. John H. Conlin, Associate General Counsel, and Robert D. Hadl, Counsel, Federal Communications Commission, and Asst. Atty. Gen. Donald F. Turner and Mr. Howard E. Shapiro, Attorney, Department of Justice, were on respondents' opposition to motion for summary reversal, for respondents. Mrs. Lenore G. Ehrig, Counsel, Federal Communications Commission, also entered an appearance for respondent Federal Communication Commission.

Mr. J. Roger Wollenberg, Washington, D. C., with whom Messrs. Lloyd N. Cutler, Timothy B. Dyk, Daniel Marcus and Robert A. Warden, Washington, D. C., were on the opposition to motion for summary reversal, for intervenor Columbia Broadcasting System, Inc.

Messrs. James A. McKenna, Jr. and Vernon L. Wilkinson, Washington, D. C., were on the opposition to motion for summary reversal for intervenor American Broadcasting Companies, Inc.

Messrs. Howard Monderer and Donald J. Mulvihill, Washington, D. C., were on the opposition to motion for summary reversal for intervenor National Broadcasting Co., Inc.

Before FAHY, Senior Circuit Judge, and WRIGHT and MCGOWAN, Circuit Judges.

## PER CURIAM.

Following a practice that began in 1962 with a year-end interview with President Kennedy, the three major television networks, on December 19, 1967, carried a joint hour-long interview with President Johnson. Senator Eugene J. McCarthy, who had prior to that broadcast announced his own candidacy for the Democratic Party's presidential nomination, requested "equal time" on the ground that President Johnson was a legally qualified candidate for the same nomination within the intent of Section 315 of the Communications Act.[1]

The Federal Communications Commission denied the Senator's request.[2] The ruling was based on the Commission's regulation interpreting Section 315 as applying only to legally qualified persons who had, among other things, publicly announced their candidacies.[3] There being no question that President Johnson had not announced his candidacy, the Commission refused also to give Senator McCarthy the opportunity to prove that President Johnson was acting as a candidate in fact. Senator McCarthy petitioned this court under 47 U.S.C. § 402(a) to review the Commission's ruling and, in view of the rapidly approaching state primaries, moved for summary reversal. For reasons which follow, we deny this motion.

The purpose of Section 315 is to require a broadcaster to give equal treatment to all candidates for a particular office or nomination once the broadcaster's facilities have been made available to any one of the candidates.[4] Petitioner does not contend that it is unreasonable to require, as a condition precedent to invoking the benefit of the statute, that the claimant to equal treatment announce his candidacy. Petitioner argues, however, that it is another matter if a candidate deprives his op-

---

1. "If any licensee shall permit any person who is a legally qualified candidate for any public office to use a broadcasting station, he shall afford equal opportunities to all other such candidates for that office in the use of such broadcasting station * * *." 47 U.S.C. § 315(a).

2. FCC 68–79 (January 24, 1968).

3. The current regulations, which are identical in relevant part with regulations first promulgated in 1941, 6 FED.REG. 6087, are found in 47 C.F.R. §§ 73.120

(AM), 73.290 (FM), 73.590 (noncommercial FM), and 73.657 (TV) (Supp. 1967). These regulations provide: "A 'legally qualified candidate' means any person who has publicly announced that he is a candidate for nomination by a convention of a political party or for nomination or election in a primary, special, or general election, municipal, county, state or national * * *."

4. S.Rep.No. 562, 86th Cong., 1st Sess., 8–9 (1959).

ponents of the benefit of the statute simply by withholding an announcement of his own candidacy.

■ Since Congress has delegated to the Commission the duty to implement Section 315, our review is limited to determining whether the Commission's long-standing regulation is unreasonable or in contravention of the statutory purpose. In making this determination, "This court is not at liberty to substitute its own discretion for that of administrative officers who have kept within the bounds of their administrative powers." [5] This is particularly true where the Commission has been assigned a responsibility of the kind here involved.

The obvious difficulty in determining whether a likely public figure is a candidate within the intent of the statute justifies the Commission in promulgating a more or less absolute rule. If the application of such a rule more often than not produces a result which accords with political reality, its rational basis is established. But no rule in this sensitive area can be applied mechanically without, in some instances at least, resulting in unfairness and possible constitutional complications.

■ As we read the Commission's rulings, if the President had announced his candidacy prior to the December 19 program, petitioner would be entitled to equal time irrespective of the content of that program.[6] But program content,

and perhaps other criteria, may provide a guide to reality where a public figure allowed television or radio time has not announced for public office.

■ Considering the content and the timing of the not unprecedented year-end interview with the President, we cannot say that the application of the Commission's rule in this case without the requested hearing produced an unreasonable result.

Affirmed.[7]

---

5. American Telephone & Telegraph Co. v. United States, 299 U.S. 232, 236, 57 S. Ct. 170, 81 L.Ed. 142 (1936). *See also* Udall v. Tallman, 380 U.S. 1, 16, 85 S. Ct. 792, 13 L.Ed.2d 616 (1965); Farmers Educational & Cooperative Union v. WDAY, Inc., 360 U.S. 525, 532–533, 79 S.Ct. 1302, 3 L.Ed.2d 1407 (1959); Philadelphia Broadcasting Co. v. Federal Communications Commission, 123 U.S. App.D.C. 298, 299–300, 359 F.2d 282, 283–284 (1966); K. DAVIS, ADMINISTRATIVE LAW TREATISE § 5.03 (1958).

6. *Use of Broadcast Facilities by Candidates for Public Office*, 31 FED.REG. 6660 (1966). On oral argument, the Commission conceded that the December 19 type of program was not within the statutory exemptions for regularly scheduled interview programs and current news coverage. *See* 47 U.S.C. § 315(a).

7. The parties have agreed that the merits of this appeal shall be decided by the ruling on the motion for summary reversal.