**PACIFIC GAS AND ELECTRIC COM-
PANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION,
Respondent,**

Sierra Pacific Power Company,
Intervenor.

No. 14422.

United States Court of Appeals
District of Columbia Circuit.

Oct. 24, 1958.

See also 105 U.S.App.D.C. 337, 267
F.2d 165.

Before PRETTYMAN, Chief Judge, and
BAZELON and BASTIAN, Circuit Judges.

PER CURIAM.

This case came on for consideration on
respondent's motions for return of the
record to the Court of Appeals for the
Ninth Circuit and to dismiss the petition
for review for lack of jurisdiction, and
on intervenor's cross-motion to have this
court exercise jurisdiction. We heard
oral argument on the questions (1)
Whether this court has jurisdiction over
this case, and (2) If we have jurisdic-
tion, what procedural steps are now in
order?

It appears that, upon a petition for re-
view of a previous order of respondent
in case No. 12,430, 96 U.S.App.D.C. 140,
223 F.2d 605; 99 U.S.App.D.C. 128,
237 F.2d 756, involving the same pro-
ceeding, we remanded the case to re-
spondent "for such further proceedings
as the Commission may deem desirable",
pursuant to instructions of the Supreme
Court, which heard the case on certiorari.
350 U.S. 348, 76 S.Ct. 368, 100 L.Ed.
388. At that time jurisdiction passed
from this court to the Commission, and
we are of the view that any subsequent

reviewable order of the Commission would be reviewable in any circuit court of appeals having jurisdiction under the Federal Power Act, 16 U.S.C.A. § 791a et seq. After proceedings on the remand, respondent entered the order now before us. Petitioner filed a timely petition for review in the Court of Appeals for the Ninth Circuit. That court, relying upon the fact that construction of an order of this court was involved, held that we had exclusive jurisdiction to review the order and directed its clerk to transfer physically the record to the clerk of this court.

It is our view that the Court of Appeals for the Ninth Circuit had jurisdiction to review the order by reason of the timely petition for review filed in that court. However, we think that court had inherent power based on sound principles of judicial administration to transfer the case to this court, and upon the transfer, we were invested with jurisdiction over the petition. To save judicial time, to maintain continuity in the total proceeding, and because our prior order is involved, we decline to transfer the record back to the Ninth Circuit and will exercise our jurisdiction over the petition.

Upon consideration whereof, it is ORDERED by the court that respondent's motions for return of the record to the Court of Appeals for the Ninth Circuit and to dismiss the petition for lack of jurisdiction are therefore denied, and that intervenor's cross-motion to have this court exercise jurisdiction is hereby granted.

It is FURTHER ORDERED by the court that respondent be, and it is hereby, directed to file the transcript of record within fifteen days and that briefs be filed as follows:

Petitioner's brief shall be filed within thirty days after the filing of the record on appeal;

Respondent's and intervenor's briefs shall be filed within twenty days of petitioner's brief;

Petitioner's reply brief shall be filed within ten days after the filing of respondent's and intervenor's briefs.

It is FURTHER ORDERED by the court that the parties may refer to the joint appendix filed in case No. 12,430, and that such material as the parties wish to print from the record in this case shall be printed as a supplemental joint appendix.