**GULF OIL CORPORATION and Tidewater Oil Company, Petitioners,**

v.

**FEDERAL POWER COMMISSION,**
Respondent.

No. 21151.

United States Court of Appeals
Fifth Circuit.

April 15, 1964.

Jesse P. Luton, Jr., Pittsburgh, Pa., John E. Thomason, Anthony G. Riddlesperger, J. Evans Attwell, William H. Drushel, Jr., Houston, Tex., for petitioners.

Howard E. Wahrenbrock, Solicitor, F. P. C., Richard A. Solomon, Gen. Counsel, F. P. C., Washington, D. C., Kent H. Brown, Counsel, State of N. Y. Public Service Commission, Albany, N. Y., for respondent.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM:

The petitioners express surprise that this Court did not write an opinion in granting the respondent's motion to dismiss for want of proper venue, particularly in view of the Tenth Circuit's recent decision in Texaco, Inc. v. F. P. C., 1963, 317 F.2d 796, 800–802. We gave careful consideration to the opinion

$18,292.48, at least some of which undoubtedly constituted ordinary and necessary business expense.

in that case, but found ourselves in substantial agreement with the respondent's argument, covering some twelve pages of its brief, in support of its position that the words "is located" in section 19 (b) of the Natural Gas Act [15 U.S.C.A. 717r.(b)] [1] have reference only to the state of incorporation. The Supreme Court had, on November 12, 1963, granted certiorari in the Texaco case. 375 U.S. 902, 84 S.Ct. 193, 11 L.Ed.2d 142. Anticipating the possibility that the Supreme Court might itself write on the question of venue, we refrained from writing an opinion.[2] It may be appropriate for us to state that, in the event the Supreme Court should approve the Tenth Circuit's views on that question, we will give consideration to a second petition for rehearing in this case.

■ Petitioners further argue that, if venue does not exist in the Fifth Circuit, the petition should be transferred to a court with proper venue instead of being dismissed. There is no statutory authority for such transfer similar to the power vested in district courts by 28 U.S.C.A. § 1406(a).[3] The only case authority cited by petitioners to sustain their contention that a court has "inherent power" to transfer the petition to a court with proper venue is Pacific Gas & Electric Co. v. Federal Power Commission, 1958, 106 U.S.App.D.C. 281, 272 F.2d 510. In that case venue could have been properly laid in either the Ninth Circuit, where the case was initiated, or in the District of Columbia Circuit, to which it was transferred. At common law an objection as to venue goes in abatement rather than in bar of the action.[4] If transfer is an appropriate remedy within the inherent power of a court, it is certain that among the many cases sustaining an objection as to venue there would be more direct decisions so holding. It is further persuasive that Congress provided statutory authority to the district courts by 28 U.S.C.A. § 1406 (a), n. 3, supra.

The petition for rehearing is

Denied.

1. Under that section, venue of proceedings to review Commission orders may be laid in the court of appeals " * * * for any circuit wherein the natural-gas company to which the order relates is located or has its principal place of business, or in the United States Court of Appeals for the District of Columbia [Circuit] * * *."

2. We now note from the arguments before the Supreme Court, as reported in 32 L.W. 3338 and 3339, that the venue question was discussed in oral argument.

3. "(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."
See Goldlawr, Inc. v. Heiman, 1962, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39; 1 Moore's Federal Practice (2d ed.) pp. 1902, 1903.

4. See 92 C.J.S. Venue § 73.