**PANHANDLE EASTERN PIPE LINE COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

**No. 7587.**

United States Court of Appeals Tenth Circuit.

Oct. 14, 1964.

Rehearing Denied Nov. 12, 1964.

Raymond N. Shibley, of Patterson,. Belknap & Farmer, Washington, D. C. (G. R. Redding, of Baker & Daniels,. Indianapolis, Ind., with him on petition), for petitioner.

Howard E. Wahrenbrock, Solicitor,. Federal Power Commission, Washington,. D. C. (Josephine H. Klein, Washington,. D. C., of counsel), for respondent.

Before PHILLIPS and SETH, Circuit. Judges, and ARRAJ, District Judge.

SETH, Circuit Judge.

Panhandle Eastern Pipe Line Company filed with this court a petition to review an opinion and order issued by the Federal Power Commission on November 12,. 1963. The Commission denied petitioner a rehearing by order of December 20, 1963, and petitioner promptly thereafter filed this review petition. The Commission moved to dismiss on the ground that the venue was improper, although its motion expressly recognized that this court in a similar case (Texaco, Inc. v. Federal Power Comm'n, 317 F.2d 796 (10th Cir.)), had held that the venue was proper under similar circumstances. In this motion of the Commission, the assertion was made that the principal place of business of the petitioner was within the Eighth Circuit. This motion was denied by this court and the case proceeded. The Supreme Court of the United States

thereafter granted certiorari in the Texaco case, supra, and in its opinion, Federal Power Comm'n v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, 12 L.Ed.2d 112, held that we had improperly decided the venue matter as to Texaco, Inc., and it did not lie within the Tenth Circuit. It held that venue was proper only in the District of Columbia, or where the principal place of business of the corporation was located, or in the state of incorporation. Immediately following this holding, the petitioner in the case at bar filed with this court a motion to transfer its petition for review to the United States Court of Appeals for the Eighth Circuit wherein is located its principal place of business. This matter has come on for hearing upon this motion and upon the counter-motion filed by the Federal Power Commission in opposition thereto and for dismissal.

■ The Supreme Court, in Federal Power Comm'n v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, held that the selection of the place for filing a petition for review of the Federal Power Commission order by Texaco and our decision thereon raised questions of venue. Also in Panhandle Eastern Pipe Line Co. v. Federal Power Comm'n, 324 U.S. 635, 65 S.Ct. 821, 89 L.Ed. 1241, the Supreme Court held that under § 19(b), objections that petitioner did not have its principal place of business in the circuit where the petition was filed go to venue, not jurisdiction. The courts of appeal, it said, were granted by § 19(b) the power to review the orders of the Commission. The Court stated: "The general grant of authority in § 19(b) to all the courts of appeal suggest that the question of which one should exercise the power in a particular case is a question of venue." We take this to mean that the statute vested the courts of appeal with jurisdiction of the subject matter, but venue questions would be handled in the usual manner.

In Pacific Gas & Electric Co. v. Federal Power Comm'n, 253 F.2d 536 (9th Cir.), the Court of Appeals for the Ninth Circuit transferred similar review proceedings pending before it to the Court of Appeals for the District of Columbia. The transferee court then stated that the Court of Appeals for the Ninth Circuit had jurisdiction to review the order and further stated that it considered that the Ninth Circuit had "inherent power based on sound principles of judicial administration" to transfer the case, and the case having been so transferred the District of Columbia Circuit had jurisdiction over the petitioner. Pacific Gas & Electric Co. v. Federal Power Comm'n, 106 U.S.App.D.C. 281, 272 F.2d 510. See also L. J. Marquis & Co. v. Securities & Exchange Comm'n, 134 F.2d 335 (2d Cir.).

■■ In the case at bar, the petitioner presents a case where a transfer to the Court of Appeals for the Eighth Circuit would be in the interests of justice and based on sound principles of judicial administration. We agree with the Court of Appeals for the District of Columbia that the courts of appeal have the power to transfer cases under these circumstances upon motion of the petitioner.

As stated above, this court has jurisdiction of the subject matter and has jurisdiction over the parties, but the venue under the Supreme Court's ruling in the Texaco case was improper. Under these circumstances, we have the authority to transfer the case to the Eighth Circuit.

The Court of Appeals for the Fifth Circuit, in Gulf Oil Corp. v. Federal Power Comm'n, 330 F.2d 824 (5th Cir.), held to the contrary. The court there felt that express statutory authority to transfer was required. It noted that the United States District Courts are granted express authority by statute to transfer cases to other district courts. 28 U.S. C.A. § 1406(a). The Government here makes the same point. The inclusion of the new section on transfers in Title 28 of the United States Code evoked little comment. The House Report on the revision of Title 28 states: "So also, minor changes were made in the provisions regulating the venue of district courts in order to clarify ambiguities or to reconcile conflicts." H.Rep.No.308, 80th

Cong., 1st Sess., to accompany H.R.3214. Also the Reviser's Notes as to § 1406, which was a new section, state: "Subsection (a) provides statutory sanction for transfer instead of dismissal, where venue is improperly laid." 1948 U.S. Code Cong.Service, p. 1854 (pamphlet). This reference to "statutory" authority certainly does not exclude the existence of other authority. We do not regard the enactment of § 1406 for the district courts as indicating that express statutory authority is necessary to enable the courts of appeal to transfer a case such as the one at bar. The statutory provisions, as indicated in the amendment of the original act, were to provide the details, limitations and framework for such transfers. S.Rep.No.303, 81st Cong., 1st Sess., U.S.Code Cong.Service, pp. 1248–1253 (1949). The Supreme Court, in Goldlawr v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39, discusses the reasons why a transfer from one district to another is in the interests of sound judicial administration, and is not contrary to our conclusions.

■ The respondent argues also that there is provided express statutory authority in 28 U.S.C. § 2112(a) for courts of appeal to transfer petitions to review orders of certain administrative agencies, including the Federal Power Commission, under stated conditions which do not prevail in the case at bar. Respondent urges that this excludes transfers under any other conditions. The statute refers to situations where proceedings have been instituted in two or more courts of appeal and provides for what is in effect a consolidation of the action, and eliminates the agency selection of the forum by the filing of the record. This does not indicate any intent on the part of Congress to restrict the power of the appellate courts to transfer proceedings but only to provide a solution for a particular problem.

■ Pleas to raise objections to venue are generally considered to be in abatement. 6 Moore, Federal Practice § 56.03. We recognize that there is an abundance of authority which holds that if venue is improperly laid, the action may be dismissed. This, however, need not be the only result. The authorities above discussed recognize that such a result is extremely harsh and does not advance the orderly and expeditious disposition of the actions as does a transfer to another court. Certainly the Government does not here advance, and cannot advance, any reason why a transfer would interfere with orderly procedure, cause any inconvenience, or advance any substantive reason why the petitioner should not have its day in court.

■ To resolve questions of transfer, the court must exercise its discretion as did the court in Pacific Gas & Electric Co. v. Federal Power Comm'n, supra. This determination must be made in the light of the issues and facts presented to the court where the motion to transfer is filed.

The United States Supreme Court in Federal Power Comm'n v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, stated that this court erred in not dismissing the petition of Texaco because venue was improper; however, at that time the question of transfer to another court had not been presented. Such a motion was thereafter made, but it was denied without opinion. We have, of course, given most serious consideration to the Court's statements as to dismissal in the Texaco case, but do not consider them as containing a mandate that we have no alternative but to dismiss in this unrelated although similar action when an alternative disposition is considered proper.

The motion of Panhandle Eastern Pipe Line Company to transfer the proceedings to the United States Court of Appeals for the Eighth Circuit is granted, and the motion of the Government to dismiss is denied.

The Clerk shall certify the entries upon the docket with respect to the petition for review of the order of the Federal Power Commission, and shall transmit such certificate together with the petition

filed herein and all other papers and documents now on file with the Clerk in this proceeding to the Clerk of the United States Court of Appeals for the Eighth Circuit.