**PANHANDLE EASTERN PIPE LINE COMPANY, Petitioner,**

v.

**FEDERAL POWER COMMISSION, Respondent.**

No. 17872.

United States Court of Appeals Eighth Circuit.

April 14, 1965.

Raymond N. Shibley, Washington, D. C., made argument for petitioner in opposition to motion to dismiss, and G. R. Redding, of Baker & Daniels, Indianapolis, Ind., was with him on the papers.

Josephine H. Klein, Atty., F. P. C., Washington, D. C., made argument on motion to dismiss, and Howard E. Wahrenbrock, Sol., F. P. C., Washington, D. C., was with her on the motion.

Before VAN OOSTERHOUT and RIDGE, Circuit Judges, and HENLEY, District Judge.

VAN OOSTERHOUT, Circuit Judge.

The issue presented by the motion of Federal Power Commission (F.P.C.) to dismiss for want of jurisdiction is whether a Court of Appeals, having jurisdiction to consider a petition for review of an order of the F.P.C. but where venue is improper, has discretionary power to transfer the proceedings to a Court of Appeals having both jurisdiction and venue. There is no specific statutory provision for a transfer under the circumstances here existing, and so the real issue is whether Courts of Appeal have inherent power to transfer a case.

The Court of Appeals for the Tenth Circuit, by opinion and order filed October 14, 1964, reported at 337 F.2d 249, transferred the timely review petition filed with it by Panhandle Eastern Pipe Line Company (Panhandle) upon motion of the petitioner and denied F.P.C.'s motion to dismiss the proceeding. A petition for rehearing was denied November 12, 1964. Pursuant to such order, the clerk of such court transmitted the petition for review and all other filings to this court. Such papers were received and filed by the clerk of this court on November 16, 1964.

This court has a right, as well as a duty, to ascertain whether it has acquired jurisdiction to consider the petition for review so transferred. Our jurisdiction is dependent upon the jurisdiction and the power of the Tenth Circuit to transfer this case to us. If the F.P.C. has established the Tenth Circuit is without power or authority to make the transfer, then such transfer would be a nullity and we would be required to assert our lack of jurisdiction.

The facts and the legal basis for transferring this case to this circuit are fully set out in the reported opinion of the Tenth Circuit. Panhandle filed a timely petition pursuant to § 19(b) of the Natural Gas Act, 15 U.S.C.A. § 717r(b), for the review of an order of F.P.C. entered November 12, 1963, rehearing denied December 20, 1963. F.P.C. on February 4, 1964, filed a motion to dismiss for want of proper venue. The Tenth Circuit denied such motion on March 11, 1964, upon the basis that it had venue in accordance with its interpretation of § 19(b) in Texaco, Inc. v. Federal Power Comm'n, 10 Cir., 317 F.2d 796. On April 20, 1964, the Supreme Court reversed Texaco. Federal Power Comm'n v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, 12 L.Ed.2d 112. Under the interpretation placed upon § 19(b) by the Supreme Court, it is agreed that venue does not lie in the Tenth Circuit in this proceeding.

Thereafter, Panhandle on April 23, 1964, filed a motion for the transfer of this review proceeding to the Eighth Circuit. F.P.C. renewed its motion to dismiss for lack of venue. It is undisputed that Panhandle has its principal place of business in the Eighth Circuit and that by reason thereof, venue exists in the Eighth Circuit. Panhandle filed no petition for review in the Eighth Circuit. At the time Panhandle filed its motion to transfer, the sixty days allowed for filing petition for review in the Eighth Circuit had expired. It is well established that a court is without jurisdiction to consider a petition for review which is not timely filed. Michigan Consol. Gas Co. v. Federal Power

Comm'n, 83 U.S.App.D.C. 395, 167 F.2d 264; see Columbia Oil & Gasoline Corp. v. Securities & Exchange Comm'n, 3 Cir., 134 F.2d 265, 266–67.

As we read the F.P.C. motion, the attack here is based upon lack of venue in the Tenth Circuit, not lack of jurisdiction. In any event, the authorities cited by the Tenth Circuit clearly support its finding that it acquired jurisdiction. Upon this issue, the Tenth Circuit states:

> "The Supreme Court, in Federal Power Comm'n v. Texaco, Inc., 377 U.S. 33, 84 S.Ct. 1105, held that the selection of the place for filing a petition for review of the Federal Power Commission order by Texaco and our decision thereon raised questions of venue. Also in Panhandle Eastern Pipe Line Co. v. Federal Power Comm'n, 324 U.S. 635, 65 S.Ct. 821, 89 L.Ed. 1241, the Supreme Court held that under § 19(b), objections that petitioner did not have its principal place of business in the circuit where the petition was filed go to venue, not jurisdiction. The courts of appeal, it said, were granted by § 19(b) the power to review the orders of the Commission. The Court stated: 'The general grant of authority in § 19(b) to all the courts of appeal suggest that the question of which one should exercise the power in a particular case is a question of venue.' We take this to mean that the statute vested the courts of appeal with jurisdiction of the subject matter, but venue questions would be handled in the usual manner." 337 F.2d 249, 251.

The parties agree that there is no express statutory authority for a Court of Appeals to transfer a proceeding such as this to another circuit under the circumstances here existing. Thus, the issue narrows down to the question of whether a Court of Appeals having jurisdiction but lacking venue has a discretionary power to transfer a proceeding pending before it to a Court of Appeals having proper venue.

Gulf Oil Corp. v. Federal Power Comm'n, 5 Cir., 330 F.2d 824, relied upon by F.P.C., supports its position. Only one paragraph of the brief opinion deals with our present problem and the opinion amounts to little more than a flat assertion, without supporting authorities, that no implied authority to transfer exists. The opinion calls attention to the fact that specific statutes authorize district courts to transfer cases where venue is lacking, but that no similar statutory authority relating to the Courts of Appeal exists.

F.P.C. also relies upon some early district court cases decided prior to the enactment of 28 U.S.C.A. § 1406(a), authorizing transfers, holding that district courts had no power to transfer cases where venue is wanting upon the theory that no implied authority existed so to do.

The Tenth Circuit, as a basis for making the transfer, states:

> "In the case at bar, the petitioner presents a case where a transfer to the Court of Appeals for the Eighth Circuit would be in the interests of justice and based on sound principles of judicial administration. We agree with the Court of Appeals for the District of Columbia that the courts of appeal have the power to transfer cases under these circumstances upon motion of the petitioner.

> "As stated above, this court has jurisdiction of the subject matter and has jurisdiction over the parties, but the venue under the Supreme Court's ruling in the Texaco case was improper. Under these circumstances, we have the authority to transfer the case to the Eighth Circuit." 337 F.2d 249, 251.

The opinion cites Pacific Gas & Elec. Co. v. Federal Power Comm'n, 106 U.S. App.D.C. 281, 272 F.2d 510; Pacific Gas & Elec. Co. v. Federal Power Comm'n, 9 Cir., 253 F.2d 536; and L. J. Marquis & Co. v. Securities & Exchange Comm'n, 2 Cir., 134 F.2d 335, in support of its decision.

The Ninth Circuit in Pacific Gas & Elec. Co. held that it had neither venue nor jurisdiction, apparently upon the basis that part of the controversy involved in the petition before it had previously been considered by the District of Columbia Circuit prior to a remand to the Commission, affirmed by the Supreme Court. The Ninth Circuit held it had power to transfer, and did transfer to the District of Columbia Circuit. When the problem was considered by the District of Columbia Circuit, it expressed the view that the Ninth Circuit had jurisdiction to review the order by reason of the timely petition for review filed in that court, and then stated:

"However, we think that court had inherent power based on sound principles of judicial administration to transfer the case to this court, and upon the transfer, we were invested with jurisdiction over the petition. to save judicial time, to maintain continuity in the total proceeding, and because our prior order is involved, we decline to transfer the record back to the Ninth Circuit and will exercise our jurisdiction over the petition." 272 F.2d 510, 511.

In Columbia Oil & Gasoline Corp. v. Securities & Exchange Comm'n, 3 Cir., 134 F.2d 265, Marquis had sought review in the Second Circuit of the Commission's order. The Second Circuit had jurisdiction and venue. Marquis had filed no petition for review with the Third Circuit. Another party to the proceeding had filed a petition for review in the Third Circuit and the Commission had filed a transcript of its proceedings with the Circuit. The Second Circuit had dismissed Marquis' petition on the basis that the Third Circuit had acquired exclusive jurisdiction by reason of the filing of the transcript there. The Third Circuit in its opinion stated it could not consider the petition filed with the Second Circuit which was not before it. The court then went on to observe that Marquis should have some right of review but that the statute did not expressly cover the situation presented. The court suggested that if the Second Circuit re-

considered its dismissal and transferred Marquis' petition for review to the Third Circuit, "it would seem that with a timely petition thus brought before us this court would have power to adjudicate it." 134 F.2d 265, 267. The Second Circuit adopted the suggestion and transferred the Marquis petition to the Third Circuit. L. J. Marquis & Co. v. Securities & Exchange Comm'n, 2 Cir., 134 F.2d 335. Thereupon, such petition was considered and adjudicated upon the merits by the Third Circuit. L. J. Marquis & Co. v. Securities & Exchange Comm'n, 3 Cir., 134 F.2d 822.

F.P.C. seeks to distinguish the cases above discussed upon the ground that in each of the cases the transferring court had jurisdiction and venue. Such allegation appears to be true although as pointed out above, the Ninth Circuit disclaimed jurisdiction and venue.

Lack of venue is quite different than lack of jurisdiction. A court without jurisdiction has no power to adjudicate but can only dismiss the proceeding for lack of jurisdiction. Jurisdictional defects cannot be waived. Venue may be and frequently is waived. In Panhandle Eastern Pipe Line Co. v. Federal Power Comm'n, 324 U.S. 635, 639, 65 S.Ct. 821, 823, the court holds and states:

"Venue relates to the convenience of litigants. * * * Review in any circuit where the natural gas company is located or has its principal place of business is designed to serve the convenience of the company. The general grant of authority in § 19(b) to all the courts of appeal suggests that the question of which one should exercise the power in a particular case is a question of venue. * * * It may be waived by any party, including the government."

We agree with the view the Tenth Circuit has expressed in its opinion that there is nothing in 28 U.S.C.A. § 1406(a) authorizing the district courts to transfer cases or in the legislative history of such statute which indicates any Congressional intention that the court of appeals should not have power to trans-

fer a case in a situation such as here presented. Both parties have cited Goldlawr, Inc., v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39, which involves an interpretation of 28 U.S.C.A. § 1406 (a). Such case is not directly here in point, but as observed by the Tenth Circuit, there is nothing in such case which compels a conclusion contrary to that reached by the Tenth Circuit. Goldlawr holds that the statute there discussed should be liberally construed to effect its intended purpose of expeditious adjudication of cases upon their merits and indicates that action to that end is in the interest of sound judicial administration.

 We have no hesitancy in following the view of the Second, Third, Ninth, Tenth and District of Columbia Circuits that a court having jurisdiction over a review proceeding has an inherent discretionary power to transfer such proceeding to a court having jurisdiction and venue under unusual circumstances when such course is in the interest of justice and in accord with sound principles of judicial administration. We agree with the Tenth Circuit that the peculiar facts of this case bring it within the foregoing pattern and that the Court of Appeals for the Tenth Circuit having jurisdiction but lacking venue has an inherent discretionary power to transfer the case to a Court of Appeals possessing both jurisdiction and venue.

Like the Tenth Circuit, we find nothing in the Supreme Court's opinion in Federal Power Comm'n v. Texaco, supra, or in its memorandum opinion in such case reported at 377 U.S. 974, 84 S.Ct. 1881, 12 L.Ed.2d 745 denying Texaco's post-trial motion for order perfecting proper venue upon remand, which passes upon the right of the Tenth Circuit to make the transfer here. The inherent and discretionary power issues are not discussed by the Supreme Court and we find nothing persuasive in such opinions to indicate that the Supreme Court's result there was based in any respect on lack of discretionary power to cause a transfer. In Texaco, where the court found no proper venue existed as to Texaco and ordered a dismissal as to it, the Court did consider on its merits the claim of Pan American which appeared to be much the same as that of Texaco and the Court's action there with respect to Texaco may well have been predicated upon its belief that further proceedings would be useless in light of its decision on the issues raised by Pan American or upon the lateness of the request of Texaco for a transfer.

If, as we have held, discretionary power here exists to order the transfer, we doubt the propriety or necessity for this court's review of the exercise of discretion made by a coordinate court of appeals. In this case, we have no hesitancy in stating that we would reach the same result upon the record.

F.P.C. advances the argument that the holding of the Tenth Circuit may lead to undesirable forum shopping on the part of parties seeking review of administrative orders. The answer to this contention is that the court can adequately control this situation in exercising its discretionary powers in making its determination whether the proceeding should be dismissed or transferred.

The motion to dismiss filed by the Federal Power Commission is denied.