**NATURAL RESOURCES DEFENSE COUNCIL, INC., et al., Petitioners,**

v.

**ENVIRONMENTAL PROTECTION AGENCY, Respondent.**

No. 72-1218.

United States Court of Appeals, First Circuit.

Submitted July 24, 1972.

Decided Aug. 23, 1972.

David G. Hawkins, Washington, D. C., on motion for transfer, for petitioners.

Kent Frizzel, Asst. Atty. Gen., and Edmund B. Clark and D. Lee Stewart, Attys., Dept. of Justice, on opposition to motion for transfer, for respondent.

Before ALDRICH, Chief Judge, and COFFIN, Circuit Judge.

PER CURIAM.

The present case confronts this court with a unique fact situation. On June 7, 1972 Natural Resources Defense Council (NRDC) and others (hereinafter NRDC or petitioner) filed in the U. S. Court of Appeals for the District of Columbia (D.C. Circuit) a petition to review certain actions taken by the Administrator of the Environmental Protection Agency (EPA). NRDC alleged that the Administrator acted illegally (I) in granting two-year extensions of the statutory deadline for attainment of air quality standards for transportation-related pollutants under 42 U.S.C. § 1857c–5(e), and (II) in approving air pollution control plans under 42 U.S.C. § 1857c–5(a)(2)(B) which failed to provide for (A) maintenance of the air quality standards and (B) the adoption of transportation controls. The Administrator's decisions pursuant to these sections of the Clean Air Act were announced on May 31, 1972 in 37 Fed.Reg. 19842. NRDC alleged that the Administrator "articulated the administrative policy positions which were applied nationally and uniformly in approving or disapproving plans and granting extensions."[1] Difficult legal and factual questions are at the core of this case, and nothing which we say reflects upon the controversy surrounding the Administrator's actions.

On June 13, 1972 NRDC sought a declaratory judgment from the D.C. Circuit that its decision would apply generally to the Administrator's decisions as they affected all states, and not solely to air quality in the District of Columbia. On June 26, 1972 the U. S. Court of Appeals for the D.C. Circuit denied petitioner's motion that it render a summary declaratory judgment on this matter. Apparently in order to preserve the right to review the nation-wide effects of the Administrator's actions,[2] NRDC then filed identical petitions in the other ten United States Courts of Appeals. All eleven courts were requested to rule on the challenge to respondent's policy positions on extensions, maintenance, and transportation controls, as contrary to the mandate of the Clean Air Act. Subsequently petitioner filed identical motions in ten circuits to transfer the cases to the D.C. Circuit. EPA opposes such transfers on the ground that the D.C. Circuit is not "the appropriate circuit" to entertain the challenge which is directed to every state's air pollution plan. 42 U.S.C. § 1857h–5(b)(1).

I.

Question of Statutory Preclusion of the D.C. Circuit as "the appropriate circuit" for Review of Actions Challenged in this Case

The Clean Air Act provides that petitions to review the Administrator's actions "in approving or promulgating any implementation plan under § 1857c–5 . . . may be filed only in the United States Court of Appeals for the appropriate circuit." 42 U.S.C. § 1857h–5(b)(1). The Administrator's (I) extension of the statutory time in which to attain ambient air quality standards for transportation-related pol-

---

[1] Quotations in this opinion which do not refer to their sources are taken from the briefs of the parties filed with the court.

[2] The statute requires that petitions to review the Administrator's actions must be filed within 30 days of the promulgation or approval of the plans at issue. 42 U.S.C. § 1857h–5(b)(1).

lutants and (II) approval of state plans despite their failure to provide for (A) the maintenance of those standards beyond 1975 and (B) adoption of transportation controls necessary to attain those standards were taken under § 1857c–5. Thus the general judicial review provision of § 1857h–5(b)(1) applies and we must determine what is "the appropriate circuit" in this situation.

Respondent suggests that because Congress has provided for *exclusive* judicial review in the D.C. Circuit for certain matters referred to in the general provision § 1857h–5(b)(1),[3] then "the appropriate circuit" also referred to in that provision can never be the D.C. Circuit for other matters not specifically mentioned. Respondent quotes from Senate Report No. 91–1196, 91 Cong., 2d Sess. 41 (1970):

> "Because many of these administrative actions are national in scope and require even and consistent national application, the provision specifies that any review of such actions shall be in the United States Court of Appeals for the District of Columbia. For review of the approval or promulgation of implementation *plans which run only to one air quality control region,* the section places jurisdiction in the U. S. Court of Appeals for the Circuit in which the affected air quality control region, or portion thereof, is located." [Emphasis added.]

We do not feel that this report is dispositive of the question with which we are confronted. Petitioner has alleged, and we agree,[4] that the Administrator has acted uniformly in approving these plans. The Senate Report implies a Congressional concern for a geographic approach to review only where particularistic attention is given to each plan devised for one air quality control region, and not where the automatic application of standard, nation-wide guidelines to all plans simultaneously preordains wholesale approvals or extensions. The report does not concern itself with a case like the instant one. Therefore we must attempt to deduce Congressional intent from the face of the statute.

Congress has not left us without a guide on this matter. Subsection (f)(2)(B) of § 1857c–5, though not directly involved in the instant case, refers to judicial review where the Administrator has postponed for up to one year the application of a state implementation plan to "any stationary source or class of moving sources". In that situation, an interested person may seek "judicial review by the United States court of appeals for the circuit which includes such State," 42 U.S.C. § 1857c–5(f)(2)(B), only *after* an implementation plan has been approved by the Administrator, but *before* the date for full compliance has arrived.[5] We find it significant that Congress did not similarly include a specific judicial review provision in subsections (a) and (e) of § 1857c–5, the subsections under which the Administrator's actions are herein challenged. Congress apparently chose to rely solely on the all-purpose phrase "the appropriate circuit" in § 1857h–5(b)(1) without any reference at all to the "circuit which includes such state". Therefore, we are not foreclosed from determining what is "the appropriate circuit" in which to review the Administrator's decisions.

---

3. § 1857h–5(b)(1) gives the D. C. Circuit exclusive power to review Administrative promulgations with respect to emission standards for hazardous pollutants, § 1857c–7; standards of performance, § 1857c–6; emission standards for moving sources, § 1857f–1; regulation of fuels, § 1857f–6c; aircraft emissions, § 1857f–9.

4. See Part II of this opinion.

5. We need not reach the question whether "the appropriate circuit" in that case can *only* be the "circuit which includes such state".

## II.

### Determination of "The Appropriate Circuit"

In considering attacks on the Administrator's acts under subsections (a) and (e) of § 1857c–5 the court must act in harmony with the flexible approach suggested by Congressional use of the phrase "the appropriate circuit" in § 1857h–5(b)(1). Petitioner refers to the national and uniform guidelines alluded to by the Administrator. He is alleged to have refused to disapprove *any* state plan "for failure to adopt transportation controls necessary to attain ambient air quality standards for transportation-related pollutants" and to have illegally granted a "two year extension of the statutory deadline of 1975 . . . where transportation controls will be necessary". EPA argues that these allegations are untrue. It claims that "transportation controls, where necessary, could not be identified, evaluated, and adopted by the States in the development time available and that decisions on *disapproval* would be deferred until states had an opportunity to adopt such controls in accordance with timetables set forth in the Administrator's approval notice". [Emphasis added.] Regarding the extensions, EPA contends that even though the Administrator "has stated (37 Fed.Reg. 10845) that two-year extensions were justified where transportation controls are necessary, the statement was intended only to be generally descriptive of the judgments made on the circumstances presented in each plan".

Whatever words are used to describe the Administrator's actions on the three issues presented, we fail to understand how his rationale relates specifically to each individual state plan. The legal issues raised by petitioners in the First Circuit seem to be identical with those raised in every other circuit. The parties are the same. There do not appear to be factual questions unique to each circuit. We must also consider that litigation in several circuits, with possible inconsistent and delayed results on the merits, can only serve to frustrate the strong Congressional interest in improving the environment as evidenced by the Clean Air Act. Additionally, we do not feel that judicial manpower is so abundant so as to permit several circuits to solve identical complex legal and factual issues in the present case. We note that petitioners first filed in the United States Court of Appeals for the District of Columbia Circuit. That is where the Environmental Protection Agency has its headquarters. That is where the appropriate files are kept and where the regulations were announced. In light of all these factors we are led to conclude that the D.C. Circuit is "the appropriate circuit" to hear petitioner's claims.

## III.

### Power to Transfer this Case to the D. C. Circuit

Having determined that the D.C. Circuit is "the appropriate circuit" to entertain the petition for review, we are faced with the question whether we can properly transfer the case to that court. In Pacific Gas and Electric Co. v. FPC, 253 F.2d 536 (9th Cir. 1958), the court ruled that the D.C. Circuit had *exclusive* jurisdiction to review a FPC order, and transferred the pertinent papers to that circuit. In the same case, the D.C. Circuit subsequently ruled that although it believed the Ninth Circuit *did* have jurisdiction to hear the merits of the case, it also thought that the Ninth Circuit "had inherent power based on sound principles of judicial administration to transfer the case to (the D.C. Circuit), and (that) upon the transfer, (the D.C. Circuit was) invested with jurisdiction over the petition." Pacific Gas and Electric Co. v. FPC, 106 U.S.App.D.C. 281, at 282, 272 F.2d 510 at 511 (1958). It is true that the D.C. Circuit, in *Pacific Gas,* had previously entertained a petition for review of the FPC action, culminating in review by the Supreme Court and remand to the FPC. However, we deem those facts merely to be illustrative of the many different situa-

tions in which Courts of Appeals may transfer petitions for review of administrative agency decisions.[6]

EPA contends that we may only exercise our inherent power to transfer the case to a "transferee court having jurisdiction and venue". Our finding that the D.C. Circuit is "the appropriate circuit" under § 1857h–5(b)(1) might be thought of as necessarily resulting in the conclusion that the D.C. Circuit has the requisite jurisdiction and venue over petitioner's claims. Even if that were not the case, there are doubts as to the propriety of our refusing to transfer under 28 U.S.C. § 2112(a).[7] The D.C. Circuit itself has provided the rationale for this view:

> "The literal terms of the statute have been met in that 'proceedings have been instituted in two or more courts of appeals with respect to the same order.' Undoubtedly the specific situation here was not within the specific contemplation of Congress, which was particularly concerned with preventing the agency from selecting the forum by filing the record in the court of its selection. But it is no bar to interpreting a statute as applicable that 'the question which is raised on the statute never occurred to the legislature.'
>
> &ast; &ast; &ast; &ast; &ast; &ast;
>
> In short, the statute should be liberally applied to permit review by a single court of closely related matters where appropriate for sound judicial administration." Eastern Airlines v. CAB,

122 U.S.App.D.C. 375, 354 F.2d 507, 510–511 (1965).

In the instant case, petitioner filed its first petition for review in the D.C. Circuit on June 7, 1972. A similar petition was not filed in this circuit until June 28, 1972. Pursuant to 28 U.S.C. § 2112(a), the Administrator must file his records in the D.C. Circuit. In such a case we are granted express authority to transfer this case to the D.C. Circuit.

The Motion to transfer is granted without prejudice to the right of petitioners to renew their request in this circuit in the event that the United States Court of Appeals for the District of Columbia should not entertain jurisdiction.

---

6. *See also* L. J. Marquis & Co. v. SEC, 134 F.2d 335 (2d Cir. 1943); J. L. Simmons Co. v. NLRB, 425 F.2d 52 (7th Cir. 1970); Panhandle Eastern Pipe Line Co. v. FPC, 337 F.2d 249 (10th Cir. 1964); Columbia Oil & Gasoline Corp. v. SEC, 134 F.2d 265 (3d Cir. 1943).

7. This section provides in part:
  "If proceedings have been instituted in two or more courts of appeals with respect to the same order the agency, board, commission, or officer concerned shall file the record in that one of

such courts in which a proceeding with respect to such order was first instituted. The other courts in which such proceedings are pending shall thereupon transfer them to the court of appeals in which the record has been filed. For the convenience of the parties in the interest of justice such court may thereafter transfer all the proceedings with respect to such order to any other court of appeals."

In Chatham Mfg. Co. v. NLRB, 404 F. 2d 1116, 1118 (4th Cir. 1968), the court held this section is *not* discretionary.