513 F.2d 504
 168 U.S.App.D.C. 246
 James ABOUREZK, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
The California Co., Shell Oil Co., General Motors Corp.,
Interstate NaturalGas Assoc. of America, Gulf Oil Corp., The
Public Service Comm. of the State of New York, Atlantic
Richfield Co., Independent Petroleum Asso. of America,Skelly
Oil Co.,Phillips Petroleum Co., Columbia Gas Transmission
Co., Natural Gas Pipeline Co.of America, United Gas Pipe
Line Co., Continental Oil Co., Cities Service OilCo., San
Diego Gas & Electric Co., Amerada Hess Corp., Assoc. Gas
Distributorsand Union OilCo. of California, Intervenors.
James ABOUREZK, Petitioner,
v.
FEDERAL POWER COMMISSION, Respondent,
Mobil Oil Corp., Shell Oil Co., General Motors Corp.,
Interstate Natural GasAssoc. of America, Texaco, Inc., Gulf
Oil Corp., Public Service Commission ofthe State of New
York, United Gas Pipe Line Co., Atlantic Richfield Co.,
UnionOil Co. ofCalifornia, Pacific Gas & Electric Co.,
Independent Petroleum Assoc. ofAmerica, Phillips Petroleum
Corp., Skelly Oil Co., Columbia Gas TransmissionCo., Exxon
Corp., Natural Gas Pipeline Co., Cities Service Oil Co.,
ContinentalOil Co., UnitedDistribution Companies, San Diego
Gas & Electric Co., Amerada Hess Corp.,Northern Natural Gas
Co., Associated Gas Distributors and Pacific Gas& Electric
Co., Intervenors.
 Nos. 74-2072, 74-2074.
 United States Court of Appeals,
District of Columbia Circuit.
 Decided May 22, 1975.
 
 Before BAZELON, Chief Judge and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 On consideration of petitioner's petition for rehearing en banc and of petitioner's motion for leave to file a supplement thereto, it is
 
 
 2
 Ordered by the Court, en banc, that petitioner's motion for leave to file supplement is granted, and, no Judge of the Court in regular active service having called for a vote on the petition for rehearing en banc, it is
 
 
 3
 Further ordered by the Court, en banc, that the aforesaid petition for rehearing is denied.
 
 
 4
 A statement of Chief Judge BAZELON, joined in by Circuit Judge J. SKELLY WRIGHT, is attached.
 
 
 5
 BAZELON, C. J.
 
 
 6
 Petitioner has requested a rehearing and a rehearing en banc of this panel's decision to transfer this case to the Fifth Circuit for review. Under the Federal Power Act, both the D.C. and Fifth Circuits had jurisdiction to review the agency's decision. Natural Gas Act § 19(b), 15 U.S.C. § 717r. As is ever increasingly the case, several petitions for review of the order were filed in each circuit in a seeming race to confer jurisdiction on one or the other court. Congress has provided a limited remedy for courts to utilize when faced with such situations. Under 28 U.S.C. § 2112(a) the court of appeals in which the first petition is filed can consider whether the interests of justice dictate that the matter be transferred.[1] All other circuits are then charged with the responsibility of transferring their petitions to the court in which that first petition was filed. This assumes that it is possible to tell which circuit received the first petition for review an assumption that is not always valid. Due to lack of synchronization between the clocks in the clerks' offices and those in the offices of the various federal agencies, it is often not possible to be certain which petition was the first to be filed after the agency entered its order. It is possible that the earliest petition might bear a time stamp indicating that it was filed prior to the agency order it seeks to review. If such a situation arises, it would be up to both the courts and the agencies to determine whether this was due to incorrectly set clocks or over-anxious counsel.
 
 
 7
 Our main concern in handling cases such as this, is that one of the circuits involved take the initiative and decide the threshold question of proper forum rather then delay consideration of the merits due to an overabundance of procedural caution. To prevent unseemly conflicts that could result should sister circuits each take the initiative and issue conflicting decisions, I believe that the best solution is to read the language of § 2112(a) literally[2] for this very limited purpose. That section directs that the record be filed in the circuit " . . . in which a proceeding with respect to such order was first instituted." In deciding which circuit should resolve the proper forum question, the courts would look to the face of the pleadings to determine which of the petitions had the earliest time stamp. The time that appears on the petition may not be correct, but it is the only guide available. Having fixed the circuit for deciding the forum issue, that court can, of course look beyond the face of the pleadings to determine which petition was truly the first to have been filed, and whether it was filed in good faith. See Public Service Commission of New York v. FPC, 153 U.S.App.D.C. 195, 472 F.2d 1270 (1972).
 
 
 8
 This policy has the benefit of preventing duplication of judicial effort which would otherwise result if each circuit made an in depth examination of the filing question, and, at the same time, it assures the litigant that an examination delving beyond the four corners of the pleadings will be undertaken. See Municipal Distributors Group v. FPC, 148 U.S.App.D.C. 343, 345, 459 F.2d 1367, 1369 (1972).
 
 
 9
 In the instant case, the first petition was filed in the Fifth Circuit. That court examined the various pleadings and affidavits of the parties and decided that it was the proper forum. Consistent with the policy outlined above, the petitions filed in this circuit were transferred to the Fifth Circuit. The requests for rehearing and rehearing en banc are denied.
 
 
 
 [1]
 Both the inherent power of the court, Eastern Airlines, Inc. v. CAB, 122 U.S.App.D.C. 375, 354 F.2d 507 (1965), and statutory authority, 28 U.S.C. § 2112(a), permit a court to transfer a petition for review to another circuit in the interest of justice
 In evaluating a transfer motion, a court will consider the policies of sound judicial administration, such as: one circuit's familiarity with the issues and parties from prior litigation; the need for continuity and consistency in reviewing a series of agency decisions; and, the facilitation of judicial economy. See Municipal Distributors Group v. FPC, 148 U.S.App.D.C. 343, 344, 459 F.2d 1367, 1368 (1972); Eastern Air Lines, Inc. v. CAB, supra, Pacific Gas and Electric Co. v. FPC, 106 U.S.App.D.C. 281, 282, 272 F.2d 510, 511 (1958), accord, Farah Manufacturing Co., Inc. v. NLRB, 481 F.2d 1143 (1973).
 
 
 [2]
 See Chatham Manufacturing Co. v. NLRB, 404 F.2d 1116, 1118 (4th Cir. 1968)