577 F.2d 931
 12 ERC 1076
 TENNECO OIL COMPANY, Petitioner,
v.
ENVIRONMENTAL PROTECTION AGENCY, Douglas M. Costle,
Administrator and Eckhardt C. Beck, Regional
Administrator, Region II, Respondents.
EXXON CORPORATION, Petitioner,
v.
Douglas M. COSTLE and Eckhardt C. Beck, Respondents.
TEXACO, INC., Petitioner,
v.
The ENVIRONMENTAL PROTECTION AGENCY, an independent agency
of the executive branch of the government of the
United States, et al., Respondents.
 Nos. 78-1684, 78-1687 and 78-1688.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 1, 1978.
 
 Baker & Botts, Charles M. Darling, IV, J. Patrick Berry, Washington, D. C., Alfred B. Smith Jr., Tenneco Oil Co., Houston, Tex., for Tenneco Oil Co.
 Milling, Benson, Woodward, Hillyer & Pierson, H. H. Hillyer, Jr., Joseph E. Leblanc, Jr., Bernard J. Caillouet, New Orleans, La., for Exxon Corp.
 Douglas M. Costle, Administrator, EPA, Jeffrey M. Gaba, Washington, D. C., James W. Moorman, Asst. Atty. Gen., Patrick J. Cafferty, Jr., Land And Natural Resources Division, Dept. of Justice, Washington, D. C., Eckhardt C. Beck, Regional Administrator, Region II, EPA, for respondents.
 Petitions for Review of an Order of the Environmental Protection Agency.
 Before BROWN, Chief Judge, GODBOLD and RONEY, Circuit Judges.
 GODBOLD, Circuit Judge:
 
 
 1
 The oil companies seek review in this circuit of the Environmental Protection Agency Administrator's action in issuing a permit under 33 U.S.C. § 1342 concerning the discharge of effluents from off-shore drilling platforms located in the Atlantic Ocean. The EPA has moved that the petitions for review be dismissed or transferred. We deny the motion. The petitions were properly filed in this circuit and no equitable circumstances compel transfer of the petitions to another circuit.
 
 
 2
 The drilling platforms are not in any district in the Fifth Circuit or any other circuit. They are apparently nearer to districts in the Second and Third Circuits than elsewhere. The oil companies, though incorporated by states not within the Fifth Circuit, have extensive business operations within the Fifth Circuit. The oil companies contend, and show by affidavit, that their principal places of business are within the circuit.
 
 
 3
 Judicial review is controlled by 33 U.S.C. § 1369(b)(1)(F): "Review of the Administrator's action . . . in issuing or denying any permit under section 1342 of this title may be had by any interested person in the Circuit Court of Appeals of the United States for the Federal judicial district in which such person resides or transacts such business upon application by such person."
 
 
 4
 None of the oil companies resides within the Fifth Circuit. For the purposes of the general venue statute a corporation resides only at its place of incorporation, Suttle v. Reich Brothers Construction Co., 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614 (1948), and the venue provisions of § 1369 may be presumed to utilize the same rule. See FPC v. Texaco Inc., 377 U.S. 33, 37-39, 84 S.Ct. 1105, 12 L.Ed.2d 112, 116-17 (1964).
 
 
 5
 The meaning of "transacts such business" is ambiguous. Each of the oil companies argues that because its principal place of business is in the circuit it "transacts such business" in the circuit. The EPA urges that "transacts such business" refers only to the operations directly affected by the Administrator's action, in this case the off-shore platforms, which are outside the circuit.
 
 
 6
 The legislative history of the Act shows that the Senate version provided for review of actions national in scope in the Court of Appeals for the District of Columbia and of other actions in the "appropriate circuit." The Senate Report explained, "For review of permits issued under (§ 1342) and other actions which run only to one region, (§ 1369) places jurisdiction in the U.S. Court of Appeals for the Circuit in which the affected State or region, or portion thereof, is located." 1972 U.S.Code Cong. & Admin.News, pp. 3669, 3751. The Senate version was rejected by the House, and the conference submitted the present version. The Conference Report said of the present version, "Judicial review is to be had in the circuit court of appeals for the judicial district in which the interested person resides or transacts business . . .." 1972 U.S.Code Cong. & Admin.News, p. 3825 (emphasis added).
 
 
 7
 The phrase's ambiguity stems from the word "such," which suggests a limitation but lacks an antecedent to clarify what the limitation is. The Conference Report suggests that "such" should simply be disregarded. The Report regarded the phrase "transacts such business" as equivalent to "transacts business." Under such a reading a party might reasonably be deemed to transact business in its principal place of business, and perhaps other places where it does business as well.
 
 
 8
 An alternative approach is to give content to "such." Although the word lacks an antecedent, it might reasonably be interpreted to refer to the place where the party transacts such business as is immediately affected by the Administrator's action, in this case the specific business operations regulated by the effluent-discharge permit.
 
 
 9
 The only reported case to consider these problems is Peabody Coal Co. v. EPA, 522 F.2d 1152 (CA8, 1975). The court in Peabody noted that the principal place of business of the party seeking review was in Missouri, and it concluded that venue was proper because the party transacted business in Missouri, which was affected by the challenged effluent-discharged permit. After finding venue proper, however, the court transferred the petition under its inherent equitable power to the circuit where the mining operation immediately affected by the Administrator's action was located. The court noted that review in the transferee circuit was also proper under the statute. The court left unclear exactly what test it used for venue. Perhaps the court intended its test to be unclear the court expressly disclaimed that it was determining the proper interpretation of "such." Because the court regarded venue as proper in the transferee circuit, Peabody impliedly held that a party "transacts such business" where the operation immediately affected by the Administrator's action is located. But the court also regarded venue as proper in its circuit. We read the Peabody decision to hold that at a minimum a party also "transacts such business" at its principal place of business.
 
 
 10
 The decision in Peabody is inferentially supported by the Conference Report and is adequate to resolve this case because the oil companies' principal places of business are within the circuit. We follow the decision in Peabody in the interest of a uniform interpretation of the statute. A different result might also be reasonable but not so demonstrably better as to outweigh the value of a uniform rule.
 
 
 11
 The EPA urges that even if review in this circuit is proper under § 1369 the case should be transferred to the Second or Third Circuit, such as was done in Peabody. No statutorily conferred power to transfer applies to this case, but many courts of appeals have held that they have an inherent power to transfer. Public Interest Research Group v. FCC, 522 F.2d 1060, 1063-64 (CA1, 1975), cert. denied, 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976); Natural Resources Defense Council, Inc. v. EPA, 465 F.2d 492, 495-96 (CA1, 1972); AT & T v. FCC, 519 F.2d 322, 325 (CA2, 1975); Dayton Power & Light Co. v. EPA, 520 F.2d 703 (CA6, 1975); J. L. Simmons Co. v. NLRB, 425 F.2d 52, 54 (CA7, 1970), cert. denied, 404 U.S. 986, 92 S.Ct. 447, 30 L.Ed.2d 371 (1971); Farah Manufacturing Co. v. NLRB, 481 F.2d 1143, 1145 (CA8, 1973); Panhandle Eastern Pipe Line Co. v. FPC, 343 F.2d 905 (CA8, 1965); Abourezk v. FPC, 168 U.S.App.D.C. 246, 247 n. 1, 513 F.2d 504, 505 n. 1 (1975) (en banc); Eastern Air Lines, Inc. v. CAB, 122 U.S.App.D.C. 375, 378, 354 F.2d 507, 510 (1965). The Fifth Circuit refused to recognize an inherent power to transfer to other circuits in Gulf Oil Corp. v. FPC, 330 F.2d 824 (CA5, 1964), but has since agreed with the other circuits. Georgia-Pacific Corp. v. FPC, 512 F.2d 782 (CA5, 1975).
 
 
 12
 Nevertheless, transfer in this case is not appropriate. First, venue may not be proper in the Second or Third Circuit. The motion papers leave unclear whether any of the oil companies resides there. None has its principal place of business there. Each oil company undoubtedly does business there, but "transacts such business" would have to be given a broader scope than we have read Peabody to give it to make venue proper on that ground. Second, transfer would not serve the purposes of judicial economy or convenience of the parties. No other interested parties have sought review, and the petitioners have chosen to litigate in this forum. The affected business is in neither the Second or Third Circuit it is over 50 miles from shore (although presumably closer to the Second and Third Circuits than any other circuit). The challenged agency action does not involve a state permit program, such as Peabody involved, or otherwise raise local issues. Thus we find no compelling equitable ground for transfer.
 
 
 13
 The EPA's motion for dismissal or transfer is DENIED. The Clerk shall set a schedule for filing the record and briefs.