COX ENTERPRISES, INC., d/b/a The Atlanta Journal, and Darrell Simmons, Defendants-Appellants,

v.

Darwin HOLT, Plaintiff-Appellee.

No. 81–7130.

United States Court of Appeals, Eleventh Circuit.

Nov. 15, 1982.

---

**990**

Bradley, Arant, Rose & White, Birmingham, Ala., John H. Morrow, Hansell, Post, Brandon & Dorsey, Albert G. Norman, Jr., Gary R. Cunningham, Atlanta, Ga., for defendants-appellants.

Robert J. Hayes, Birmingham, Ala., for plaintiff-appellee.

## ON PETITION FOR REHEARING

(Opinion June 14, 1982, 11 Cir., 1982, 678 F.2d 936)

Before GODBOLD, Chief Judge, and HENDERSON and MERRITT *, Circuit Judges.

PER CURIAM:

The petition for rehearing, 678 F.2d 936, is GRANTED to the extent that the case is transferred to the Northern District of Georgia, subject of course to a determination by that court of whether it has jurisdiction.

The transfer statute, 28 U.S.C. § 1406(a) (1976), authorizes transfers by district courts in the interest of justice. But the statute does not represent a conscious legislative decision to deny appellate courts authority to transfer cases. *Panhandle Eastern Pipeline Co. v. Federal Power Comm'n,* 343 F.2d 905, 908 (8th Cir. 1965); *Panhandle Eastern Pipeline Co. v. Federal Power Comm'n,* 337 F.2d 249 (10th Cir. 1964) (transferring review of administrative decision case to Eighth Circuit Court of Appeals). In *Dr. John T. MacDonald Foundation v. Califano,* 571 F.2d 328, 332 (5th Cir. 1978) (en banc), the former Fifth Circuit, after finding that the district court lacked jurisdiction, ordered that the case be transferred to the Court of Claims under § 1406(c), which, like § 1406(a), makes no

reference to appellate courts. In deference to 1406(c)'s literal language the en banc court could have remanded the transfer issue to the district court. But it did not, stating: "[W]e are convinced that Congress did not intend to prevent transfer directly from the appellate court. Direct transfer not only furthers the policies behind § 1406, but also comports with the precepts of judicial economy." 571 F.2d at 332. The only difference between § 1406(a) and § 1406(c) is that the latter authorizes transfer to the Court of Claims rather than to another district court. *MacDonald Foundation* thus makes clear that § 1406 does not deprive an appellate court of the authority to transfer a case directly. As in *MacDonald Foundation,* a direct transfer here promotes the policies underlying § 1406 and judicial economy.

We are not barred from ordering transfer by our conclusion that the district court lacked jurisdiction. *Goldlawr v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962).

The interests of justice strongly preponderate in favor of transfer of this case. The district court held that it had personal jurisdiction over the defendant. The same district court, in an opinion by another judge, recently had held that there was no personal jurisdiction over the same defendant newspaper. In the instant case the judge reached the contrary conclusion and certified the matter for interlocutory appeal under 28 U.S.C. § 1292(b). This was an orderly way to settle a matter with respect to which the judges of the Northern District of Alabama were divided. Meanwhile the statute of limitations was running.[1]

---

\* Honorable Gilbert S. Merritt, U. S. Circuit Judge for the Sixth Circuit, sitting by designation.

1. We eschew the somewhat elaborate analysis of whether the Alabama or Georgia statute of limitations applies, whether it has been tolled,

and whether it has expired. It is enough for us that the plaintiff is exposed to the risk that he is barred by the applicable statute. *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.,* 566 F.2d 523, 524–25 (5th Cir. 1978).