ESCHELON TELECOM,
INC., Petitioner

v.

FEDERAL COMMUNICATIONS
COMMISSION; United States
of America, Respondents

No. 03–3212.

United States Court of Appeals,
Eighth Circuit.

Sept. 30, 2003.

John J. Oxley, Dennis D. Ahlers, Eschelon Telecom, Inc., Office of the General Counsel, Minneapolis, MN, for Petitioner.

John Rogovin, Federal Communications Commission, Office of General Counsel, Catherine G. O'Sullivan, Nancy C. Garrison, U.S. Department of Justice, Antitrust Division, Appellate Section, John Ashcroft, Attorney General, Washington, DC, Respondents.

Before RILEY, BOWMAN and MELLOY, Circuit Judges.

ORDER

PER CURIAM.

The consolidated cases before us concern a review of a Federal Communications Commission ("FCC") order, Report and Order and Order on Remand and Further Notice of Proposed Rulemaking ("Order on Remand"). The Order on Remand represents the FCC's third attempt to craft a decision that comports with the Telecommunications Act of 1996, 47 U.S.C. § 151 et seq., the previous order being vacated and remanded by the D.C. Circuit. *United States Telecom Ass'n v. FCC*, 290

F.3d 415 (D.C.Cir.2002). Movants filed a petition for review of the Order on Remand in the D.C. Circuit, while other parties filed petitions for review in every other circuit except the Tenth. Pursuant to the random lottery procedure of 28 U.S.C. § 2112(a)(3), the Judicial Panel on Multidistrict Litigation transferred the petitions to this Court. Movants request that, as authorized by 28 U.S.C. § 2112(a)(5), the Court transfer the cases to the D.C. Circuit.

While these cases are properly before this Court, "[f]or the convenience of the parties in the interest of justice, the court in which the record is filed may thereafter transfer all the proceedings with respect to that order to any other court of appeals." 28 U.S.C. § 2112(a)(5). Transfer of a case is appropriate "where the same or interrelated proceeding was previously under review in a court of appeals, and is now brought for review of an order entered after remand, or in a follow-on phase, where continuance of the same appellate tribunal is necessary 'to maintain continuity in the total proceeding.'" *Public Serv. Comm'n for New York v. FPC*, 472 F.2d 1270, 1272 (D.C.Cir.1972) (quoting *Pacific Gas and Elec. Co. v. FPC*, 272 F.2d 510, 511 (D.C.Cir.1958)); See *Arkansas Midland R.R. v. Surface Transp. Bd.*, No. 00–1206, 2000 WL 1093266, at *1 (D.C.Cir.) (D.C. Circuit transferring a case to this Court because "petitioner is now seeking review of an order entered, in part, on remand from the Eighth Circuit.").

We find that the FCC's Order on Remand was entered, in part, on remand from the D.C. Circuit. It is therefore appropriate for the D.C. Circuit to hear the petitions for review.[1] Thus, we grant

1. In addition, petitions for mandamus to enforce the D.C. Circuit's mandate were filed by Movants and are currently pending before

that Court, reinforcing the D.C. Circuit's appropriateness as the venue for the cases currently before us. We also note most of the

Movants' request and transfer the consolidated cases, including all docketed and undocketed cases transferred to the Eighth Circuit from other circuits, to the United States Court of Appeals for the D.C. Circuit. All pending motions, including the Motion to Stay, are included in this transfer order.

parties have D.C. counsel of record; consequently, the convenience of the parties prong of the analysis also supports the District of Columbia venue.