**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAYTON ERNEST LONGACRE, | No. 18-35528 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05185-BHS |
| v. | |
| BRANDON L. MEYERS, Deputy; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted November 27, 2018**

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Clayton Ernest Longacre appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims related to his arrest. We

have jurisdiction under 28 U.S.C. § 1291. We have a "special obligation" to

satisfy ourselves not only of our jurisdiction, but also that of the district court.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Spencer Enterprises, Inc. v. United States*, 345 F.3d 682, 687 (9th Cir. 2003). We vacate and remand.

Although defendants Meyers, Lont, Hedstrom, Matthews, Boyer, Hauge, Goodell, Dennis, Montgomery, and Kitsap County filed a timely notice of removal, defendant Syring did not join in the removal and did not file a consent to removal. "In a case involving multiple defendants, '[a]ll defendants must join in a removal petition.'" *Proctor v. Vishay Intertechnology, Inc.*, 584 F.3d 1208, 1224 (9th Cir. 2009) (citation omitted). Because the removal was improper and the district court lacked subject matter jurisdiction over Longacre's action, we vacate the judgment and remand with instructions to remand the federal claims to state court.

We lack jurisdiction to consider Longacre's challenge to the district court's award of costs because Longacre failed to file a new or amended notice of appeal after the district court's post-judgment award of costs to defendants. *See Harris v. Mangum*, 863 F.3d 1133, 1137-38 n.1 (9th Cir. 2017).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**

18-35528